Bayless v. State.

WALTER BAYLESS *v*. STATE.

(*Knoxville.*   September Term, 1908.)

RECORDS.   Certified copies of records in office of internal reve-
  nue collector of the United States are inadmissible as evidence
  against a defendant in State court, when.

A certified copy of the record in the office of the internal revenue
  collector of the United States for the district of Tennessee
  showing that the defendant, who is under indictment for selling
  intoxicating liquors within four miles of a schoolhouse, had
  paid the internal revenue special tax as a retail liquor dealer
  by purchasing an internal revenue stamp as a retail liquor
  dealer is inadmissible as evidence against him upon the trial,
  though our statute (Acts 1903, ch. 355, sec. 1) provides that
  the fact that such defendant has paid such tax shall be *prima
  facie* evidence of sales within the meaning of the law, because
  our statutes (Shannon's Code, secs. 5573-5591) upon the sub-
  ject of admitting certified copies of records do not cover the
  case of a certificate of records from the office of the internal
  revenue collector of the United States.

Code cited and construed:   Secs. 5573-5591 (S.); secs. 4541-4559
  (M. & V.); secs. 3791-3806 (T. & S. and 1858).

Acts cited and construed:   1903, ch. 355, sec. 1.

---

FROM McMINN.

---

Appeal in error from the circuit court of McMinn
County.—GEO. L. BURKE, Judge.

E. E. JARVIS and E. L. ROBERTS, for Bayless.

ASSISTANT ATTORNEY-GENERAL FAW and SAM EPPS YOUNG, for State.

MR. JUSTICE NEIL delivered the opinion of the Court.

The plaintiff in error was indicted in the circuit court of McMinn county for selling intoxicating liquors within four miles of a schoolhouse, was found guilty, and sentenced to pay a fine of $50 and to undergo confinement in the county jail of McMinn county for sixty days. From this judgment he appealed to this court, and has here assigned errors.

The first error assigned is that the court improperly admitted as evidence a paper purporting to be a copy of a record from the office of the internal revenue collector of the United States for the district of Tennessee, and the second in giving certain instructions to the jury in respect of that matter.

In order to properly understand the point in controversy, it is necessary to state that, on the trial, the State offered in evidence the following paper:

"Name, Bayless, Walter; business, R. L. D.; place, Athens; from what time, July 1, 1907; Amt. of tax, $25; date of payment, July 17, 1907; serial No. of stamp, 161319; page 22.

"Name, Jones, J. M. & Co., N. Lockmiller, J. M. Jones; business, R. L. D.; place, Athens; from what time, July 1, 1907; Amt. of tax, $25; date of payment, July 27, 1907; serial No. of stamp, 161426; page 127.

Bayless v. State.

"Name, King, Ike; business, R. L. D.; place, Athens; from what time, July 1, 1907; Amt. of tax, $25; date of payment, July 27, 1907; serial No. of stamp, 1637; page 136.

"I, R. S. Sharp, collector of internal revenue for the district of Tennessee, hereby certify that the foregoing is a full, true, and complete copy of record 10, now in my office, showing the issuance of special tax stamps to Walter Bayless, J. M. Jones & Co., and Ike King, as the same now appears on file in my office.

"Witness my hand and seal of office, at office in Nashville, Tennessee, on this the 5th day of December, 1907.

"R. S. SHARP, Collector.   [Seal.]"

When this paper was offered in evidence, the attorney for the plaintiff in error. objected to its introduction, because there was "no warrant for the introduction of that sort of paper against the defendant."

Upon this subject the circuit judge charged the jury:

"Furthermore, gentlemen of the jury, the State insists that the defendant has the license of the federal government as a retail liquor dealer. In other words, that he has paid the tax and received the stamp which the federal government issues to retail liquor dealers, which authorizes the sale of liquor under the federal government, but which is not in terms a license. It is a special tax stamp, and, when these special tax stamps are paid for, that licenses the holders to sell liquor under the federal government; not, however, under the State government. That does not make him immune

from the State law. It authorizes him to sell liquor under the federal law, but does not authorize him to sell under the State law, or in violation of the State's statute; and he is charged in this indictment for the selling in violation of the State law."

The circuit judge then continued with the following, which is made the subject of the second assignment of error:

"I charge you, gentlemen of the jury, that this certified copy read to you here is a copy of the record showing that a special tax stamp from the federal government has been issued to Walter Bayless, for the period from July 1, 1907, to July 1, 1908. And under the statute read in your hearing the possession of this special tax stamp makes out a *prima facie* case against the defendant, and without more, under this indictment, if you find this defendant has obtained this special tax stamp privilege from the federal government. Therefore, in face of the fact that he has obtained this special tax stamp, the burden is on him to show that he has not sold liquor under this license, because I charge you that under the statute this is a *prima facie* case against him, and it shifts the burden upon him to show that he has not violated this statute by selling liquor under this privilege obtained from the government. And I charge you that this is a competent paper to be considered by you, and a copy of such license, or of the record that he had obtained such license."

Bayless v. State.

The act bearing upon the question is chapter 355, page 1079, of the Acts of 1903. Section 1 of this act reads:

"That in a prosecution for a violation of the law prohibiting the sale of intoxicating liquors within four miles of a schoolhouse, commonly known as the 'Four Mile Law,' the fact that defendant has paid the internal revenue special tax as a retail liquor dealer, or is in possession of an internal revenue tax stamp as a retail liquor dealer, shall be *prima facie* evidence of sales of intoxicating liquors within the meaning of the four mile law, during the time for which he has paid the internal revenue special tax, or that is covered by the internal revenue special tax stamp possessed by him; Provided, revenue license in this act shall not be construed to mean license for use of manufacturers and druggists or others in manufacturing or compounding or otherwise than for use in sales at retail under State law."

It is insisted that our statute upon the subject of admitting certified copies does not cover the case of a certificate of records from the office of the internal revenue collector of the United States.

The sections of the Code upon this subject are found in Shannon's Code, sections 5573 to 5591, inclusive.

We shall now group such of the sections as could by any possibility have any bearing upon the question.

"Sec. 5573. Duly certified copies of all records and entries, official bonds, or other papers belonging to any public office, or, by authority of law, filed to be kept therein, are evidence in all cases."

"Sec. 5576. The term 'records' used in the foregoing section includes any record of any county, common law, circuit, criminal, or chancery court, and, in general, every public record required by law to be kept in any court of this State; and, also, the books of the registers, the surveyors, and the entry takers, throughout the State."

"Sec. 5580. A judicial record of a sister State, or of any of the federal courts of the United States, may be proved by a copy thereof, attested by the clerk, under his seal of office, if he have one, together with a certificate of a judge, chief justice, or presiding magistrate, that the attestation is in due form of law."

"Sec. 5583. The acts of the executive of the United States, or of this State, or any other State of the Union, or of a foreign government, are proved by the records of the State department of the respective governments, or by public documents purporting to have been printed by order of the legislatures of those governments respectively, or by either branch thereof.

"Sec. 5584. The proceedings of the legislature of this State, or any other State of the Union, or of the United States, or of any foreign government, are proved by the journals of those bodies respectively, or of either branch thereof, either by copies officially certi-

fied by the officer having custody of the originals, or by a copy purporting to have been printed by the order of such legislature, or either branch thereof."

"Sec. 5588. The certificate of the head of any department or bureau of the general government is a sufficient authentication of any paper or document appertaining or belonging to his office."

None of these sections cover the case of a certificate issued by an internal revenue collector. It is perceived that some of the sections quoted refer to the federal courts, the acts of the executive of the United States, and the legislative department of the United States government, and that the last section refers to the certificate of the head of any department or bureau of the general government. None of these sections are broad enough to cover the certificate we have before us in the present case. The only section to which, by any show of reason, the matter could be referred is the last quoted; but the "collector of internal revenue for the district of Tennessee" is not the head of a department of the general government, and the section does not apply.

The sections of the Code contained in the chapter under which the above sections fall were intended to cover the whole subject of certified copies as evidence. The certificate in question not falling within any of these sections, it was necessarily inadmissible. Moreover, if resort should be had to the common law, the same

121 Tenn—6

result would follow; it not appearing that the collec-tor had authority to issue such certificates. 1 Elliott on Evidence, section 415. The circuit judge, therefore, committed error in admitting the certificate, and his judgment must be reversed, and both cases remanded for a new trial.