GEORGE BUHRNSON *et al.* Appellees, *vs.* JAMES D. STONER *et al.* Appellants.

*Opinion filed October 24, 1916.*

1. CHURCHES—*what use of church will not keep church organization alive.* The occasional use of a church as a convenient place for some religious service will not operate to keep alive a society which is not recognized by the annual conference of the church and which performs none of the functions of a religious society.

2. SAME—*when church property is subject to sale by trustees.* Where property deeded to trustees of a religious society subject to the rules of the Methodist Episcopal Church is abandoned as a church and the society is actually consolidated with another society under a board of trustees elected for the latter, such board is authorized, under the rules of said church, to sell the property so abandoned, even though there is no record of the consolidation.

APPEAL from the Circuit Court of DuPage county; the Hon. C. F. IRWIN, Judge, presiding.

JOHN S. GOODWIN, and ROBERT F. PETTIBONE, for appellants.

L. H. GRANGE, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

On November 7, 1910, at a quarterly conference of the Methodist Episcopal Church for Naperville and Warrenville, held at Naperville, a resolution was unanimously adopted that the trustees of the church property should sell the Warrenville Methodist Episcopal church. On November 28, 1910, the trustees, in pursuance of the resolution, executed a deed, as trustees of the Methodist Episcopal Church for Naperville and Warrenville, to ten persons as grantees. On January 29, 1911, the appellees, George Buhrnson, W. J. Morton and N. M. Triplett, alleging that they were trustees of the Methodist Episcopal Church of

Warrenville, and twenty persons alleging that they were members of said church, filed their bill in this case against the appellants, the grantors and grantees in the deed, praying that the deed be declared null and void and the Warrenville church property be declared held in trust by said trustees for said Methodist Episcopal Church of Warrenville. The appellants answered, denying that George Buhrnson, W. J. Morton and N. M. Triplett, or either of them, were trustees of the church at Warrenville or members of that church or that the other appellees were members of the church, and alleging that the church at Warrenville ceased to exist several years before the deed was made and the premises had been abandoned as a church or for church purposes; that the membership was transferred to the Methodist Episcopal Church of Naperville, and that the deed was made in accordance with the laws of the Methodist Episcopal Church by the duly authorized authorities of the local society having jurisdiction in the premises. The chancellor heard the evidence and entered a decree declaring the deed to be null and void and ordering it to be delivered up and canceled, and ordering the possession of the premises to be delivered to Buhrnson, Morton and Triplett, as trustees of the Methodist Episcopal Church of Warrenville.

Warrenville is a small country hamlet four and one-half miles from the city of Naperville. On July 25, 1868, there was a local society of the Methodist Episcopal Church at that place, and on that day the premises in question, with the house of worship erected thereon, were conveyed by J. M. Warren to the trustees of the church. The *habendum* was to the trustees named and their successors forever, in trust for the uses of the Methodist Episcopal Church of America, according to the rules, usages and discipline of said church agreed upon at the general conference, and in further trust and confidence that the grantees should forever thereafter permit all duly authorized minis-

ters of said church to preach and expound the gospel therein. Two or more church societies may be joined together with a single pastor, as a circuit or otherwise, and have one quarterly conference, but that fact does not change the title of the church property or affect the financial interests of the separate societies. The society at Warrenville was attached to the society at Naperville, and the Rock River Conference annually assigned a pastor for both churches up to the year 1900, when the last assignment was made. During that period religious services were held in the church at Naperville in the morning and at Warrenville at two o'clock in the afternoon. In 1901 the society was dropped by the annual conference as a separate society and was relieved from contributing to the pastor's salary. The assignment of a pastor from that time was made for Naperville, only. The affairs of local societies are governed by a quarterly conference, which consists of not less than three nor more than nine trustees, the stewards, class leaders, Sunday school superintendents, president of the Ladies' Aid and president of the Epworth League, and members are not permitted to vote at meetings of the quarterly conference. Up to 1894 there were separate quarterly conferences for Naperville and Warrenville, but in that year, and afterward, there was but one quarterly conference for both societies, and it was held at Naperville. Before 1897 there were separate trustees of the Naperville and Warrenville churches elected by the quarterly conferences, but beginning in 1897 the trustees were not elected separately and only one body of trustees was elected. George Buhrnson was elected a trustee in 1896, when trustees were elected separately, and afterward, when the trustees were elected as one body, he was elected each year until the meeting of the quarterly conference for 1909-10, when he was not reelected. N. M. Triplett was trustee of the Warrenville church from 1894 to 1897, and was one of the general body of trustees up to and including 1909, when he was not re-

elected.    W. J. Morton was elected as one of the general
trustees in 1904, and was re-elected until the meeting of
1909-10, when he was not re-elected.    When the fourth
quarterly conference began to elect the general trustees in
1897, and from that time up to the meeting of 1909-10,
there were a larger number of trustees than was authorized
by the church law, and at the latter meeting the number
was reduced to nine.    Meetings were sometimes held in the
Warrenville church after the annual conference ceased to
treat it as a separate society, and the pastor assigned to
the Naperville church conducted protracted meetings in the
Warrenville church in the winter of 1906-07, but he had no
relations with the officers and held the meetings because the
people there desired it.    During his pastorate from 1906 to
1910 there was no meeting of the trustees of the Warren-
ville church.    A student from Naperville sometimes con-
ducted services in the church.    The last treasurer's report
was made in 1901, and in that year the members were in-
vited to attend the Naperville church.    Prior to 1901 sepa-
rate membership records were kept, but in that year, and
afterwards, the records showed but one society and the
names of all members were in one list kept at Naperville.
There never was any report at the quarterly conferences,
after 1901, of a Sunday school, Ladies' Aid, Epworth
League or other church societies.    At the quarterly confer-
ence in 1901 George Buhrnson and N. M. Triplett and their
wives attended and alleged that they could not make up
money for the pastor's salary and asked to be released and
that the Warrenville society be discontinued, and their re-
quest was granted.    After 1901 Sunday school was some-
times held in the church, and the last one was about 1906.
Several entertainments not of a religious character were
held in the building by outsiders, and when entertainments
were held rent was paid as for a hall.    The church was
repaired at a cost of $150 a couple of years before the

sale. There was never any record of a consolidation of the Naperville and Warrenville churches, and Buhrnson and Triplett and their wives did not bind the society by their statements to the quarterly conference, but there was a practical and actual consolidation for many years before the sale.

The law of the church provides that whenever it shall become necessary for the payment of debts or with a view to re-investment to make a sale of church property, the trustees, upon application to the quarterly conference, may obtain an order, a majority of all the members of such quarterly conference concurring and the pastor and district superintendent of the district consenting, to sell and convey the property. The law also provides that in all cases where church property is abandoned or no longer used for the purposes originally designed, it shall be the duty of the trustees, if any remain, to sell such property and pay over the proceeds to the annual conference within whose bounds it is located. The church at Warrenville was abandoned and no longer used for the purposes originally designed, and the occasional use of the church as a convenient place for some religious service did not operate to keep alive a society which was not recognized by the annual conference and which performed none of the functions of a religious society. The property was in the condition provided for by the church law in which it could be sold, and the deed by Warren subjected the property to the rules and usages of the Methodist Episcopal Church. Buhrnson, Triplett and Morton were not trustees of the Warrenville church at the time of the sale, and the sale and conveyance were in accord with the church law. Under that law the proceeds were required to be turned over to the annual conference, which was not done, but the proceeds were appropriated by the Naperville church for the purpose of acquiring the undivided interest of an individual in property held by him and the church as tenants in common. That, however, is a

question between the annual conference and the Naperville church.

The decree is reversed and the cause remanded, with directions to dismiss the bill.

*Reversed and remanded, with directions.*