(No. 12354.—Decree affirmed.)

THE ILLINOIS CLASSIS OF THE REFORMED CHURCH IN THE UNITED STATES, Plaintiff in Error, *vs.* M. A. HOLBEN *et al.* Defendants in Error.

*Opinion filed February 20, 1919.*

1. CHURCHES—*effect where grantees in a deed for benefit of church society are unincorporated.* Though the grantees in a deed in trust for a church society are unincorporated the deed is not void but all the members of the congregation become beneficiaries of the property conveyed.

2. SAME—*when general body of church has no interest in property.* Where a deed to trustees for the benefit of a church society contains no express declaration of trust for the general body of any church denomination or for the teaching or practice of any particular religious principles or doctrines of faith, the right to the possession, control and use of the property is solely in the members of the congregation of the church society. (*Buhrnson* v. *Stoner,* 275 Ill. 41, distinguished.)

3. SAME—*power of courts to determine whether acts of congregation amount to a diversion of trust property.* It is only for the protection of the property rights of the complaining party that courts are authorized to determine the question whether the acts of a congregation in withdrawing from one church denomination and uniting with another and conveying its property to the latter constitute a diversion of the property from the trust under which it is held.

WRIT OF ERROR to the Circuit Court of Christian county; the Hon. THOMAS M. JETT, Judge, presiding.

J. E. HOGAN, for plaintiff in error.

R. C. NEFF, for defendants in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

The Illinois Classis of the Reformed Church in the United States filed a bill in the circuit court of Christian county against the trustees of the First Presbyterian Church at Stonington and the trustees of the Mt. Zion Presbyterian Church to set aside the conveyance to the defendants of certain church property by the trustees of the Mt. Zion charge of the Reformed church, and has appealed from the decree which dismissed the bill for want of equity.

The bill averred that the complainant was an ecclesiastical corporation of the State of Illinois and the owner of the real estate in controversy, the title of which was held by the trustees of the Mt. Zion charge of the Reformed church for the use of said Mt. Zion charge, and that it is provided by the constitution and laws of the Reformed church that when a congregation is dissolved the property of the individual congregation becomes vested in the general body of the church; that the Mt. Zion Reformed Church illegally attempted to withdraw from the Reformed church and enter the Presbyterian church, but that such withdrawal and all steps taken with reference to it were contrary to the constitution and laws of the Reformed church, were illegal and void and constituted a dissolution of the church, and that thereby the title to the property became vested in the complainant; that after the attempted withdrawal the trustees of the Stonington Reformed Church and the Mt. Zion Reformed Church executed a deed conveying the property in controversy to Jesse M. Corzine, who in turn conveyed it to the trustees of the First Presbyterian Church of Stonington and the

Mt. Zion Presbyterian Church; that such conveyances constitute a cloud upon the title of the complainant, and the complainant is entitled to have the property re-conveyed. The answer admits the conveyances but denies that the complainant was the owner of the premises or that the conveyances in any manner affected the interest of the complainant. It admits that the property was held by the trustees of the Mt. Zion charge for the use of the congregation, but avers that the provision of the constitution of the Reformed church that when a congregation is dissolved the property of the congregation vests in the general body of the church is contrary to the laws of the State of Illinois and is null and void. It denies that the congregations of Stonington and Mt. Zion are dissolved or that the Mt. Zion church illegally attempted to withdraw from the Reformed church to enter the Presbyterian church, or that their acts in withdrawing and connecting themselves with the Presbyterian church were illegal and void.

The evidence shows that the Mt. Zion charge was composed of churches at Mt. Zion and Stonington. The church at Mt. Zion was constructed in 1874. The land on which the building was erected belonged to Sherman E. Baughman, and on September 6, 1884, he conveyed it to the trustees of the Mt. Zion Reformed Church and the Mt. Zion Cemetery Association. The Stonington congregation later bought a parsonage, which was conveyed by Jacob Schwab on January 4, 1894, to the trustees, in trust for the Mt. Zion charge of the Reformed church. In May, 1914, in pursuance of a public announcement a meeting of each congregation was held for the purpose of voting upon the question whether the consistory should be authorized to make a request of the Illinois Classis for a letter of dismissal in order that the churches might join the Springfield Presbytery, and whether the trustees of the church property should be authorized to make conveyance to the trustees of the Presbyterian churches at Mt. Zion and Stonington. The

vote was in favor of both propositions and there were no votes in opposition. An application was made to the Classis, which is the church judicatory having supervision of all questions respecting ministers and their congregations which might arise within its territory or jurisdiction, requesting letters of dismissal and commendation to the Springfield Presbytery of the Presbyterian Church of the United States of America, but the Classis determined that it had no authority to grant such letters of dismissal to congregations that were regularly organized and had officers regularly elected and had power to grant letters of dismissal. Nevertheless, the trustees conveyed the property in controversy to Jesse M. Corzine, who on July 23, 1914, conveyed it to the defendants. It is to be inferred from the evidence that the majority of the members of both churches became members of the Presbyterian church, although there are some members of the Reformed church who did not become members of the Presbyterian church, but there is no part of the original membership of the congregation of the Reformed church that is undertaking to hold the property in controversy.

The decree of the circuit court must be affirmed, because the record shows that the appellant has no legal or equitable interest in the property in controversy. The Mt. Zion charge was composed of the two churches at Mt. Zion and Stonington. It does not appear that either the Mt. Zion church or the Stonington church or the Mt. Zion charge was incorporated. One of the conveyances was made to the trustees of the Mt. Zion charge of the Reformed church; the other to the trustees of the Mt. Zion church and the Mt. Zion Cemetery Association. Though the grantees in the deeds were not incorporated the deeds were not void, but all the members of the respective congregations became beneficiaries of the property conveyed. (*Christian Church* v. *Church of Christ,* 219 Ill. 503; *Ferraria* v. *Vasconcellos,* 31 id. 25.) The deeds contain no express declaration of

trust for the benefit of the general body of any church denomination or for the teaching or practice of any particular religious principles or doctrines or faith in religious matters. Such deeds are solely for the benefit of the congregations whose trustees are named as the grantees, and the right to the possession, control and use of the property is vested solely in them. (*Calkins* v. *Cheney*, 92 Ill. 463.) In this respect the deeds differed from the deed in the case of *Buhrnson* v. *Stoner*, 275 Ill. 41, which was to the trustees named and their successors in trust for the uses of the Methodist Episcopal Church in America, according to the rules, usages and discipline of said church agreed upon at the general conference. It is immaterial whether the grantees were incorporated or not. It may be that these congregations were subject to the discipline of the Reformed church, but their property was not subject to the control of that church. The courts are without power to determine the question whether the acts of the congregations in withdrawing from the Reformed church and uniting with another denomination and conveying the property to a church of the latter denomination constituted a diversion of the property from the trust on which it was held, except as those acts affected property rights. (*Christian Church* v. *Church of Christ, supra; Ferraria* v. *Vasconcellos, supra.*) So far as such rights are concerned, that question affects only the members of the congregations for whose benefit the property is held. If the property was held by the trustees for the benefit of the Reformed church and for the purpose of teaching and maintaining doctrines of that denomination, members of the congregations might complain if there was a diversion of the property from that purpose, but the church itself, which has no legal or equitable interest in the property, has no standing in a court of equity to do so.

The decree is affirmed.                *Decree affirmed.*