WILLIAM H. LOWE et al., Plaintiffs-Appellees, v. THE FIRST PRESBYTERIAN CHURCH OF FOREST PARK et al., Defendants-Appellants.

(No. 56475;

First District—December 13, 1972.

*Rehearing denied January 10, 1973.*

Richard D. Price and Frederick J. Bertram, both of Chicago, for apellants.

John Mulder, of Chicago, for appellees.

Mr. PRESIDING JUSTICE DIERINGER delivered the opinion of the court:

The defendants appeal from a judgment entered in the Circuit Court of Cook County on July 28, 1971, granting the plaintiffs judgment on

the pleadings and ordering the transfer of legal title to the real estate and personal property of the defendant church corporation to the plaintiffs.

On February 18, 1969, the plaintiffs, as representatives of the Presbytery of Chicago of the United Presbyterian Church in the United States of America, filed a complaint in the Circuit Court of Cook County against the First Presbyterian Church of Forest Park, an Illinois corporation, and its trustees. In that complaint the plaintiffs sought to have the court transfer legal title to the real estate and personal property of the defendant church corporation to the plaintiffs. The plaintiffs' prayer for relief was based on certain facts enumerated in their complaint, namely, that the defendant church corporation, which admittedly held legal title to the real estate and personal property in question, was a member church of the Presbytery of Chicago of the United Presbyterian Church in the United States of America and, as such, was subject to the rules and supervision of that church. The plaintiffs' complaint also stated that on October 31, 1968, the Presbytery of Chicago adopted a resolution pursuant to Chapter XXXII, Section 62.11, Subsection 11, of the Form of Government of the United Presbyterian Church in the United States of America whereby the Presbytery of Chicago dissolved the congregation known as The First Presbyterian Church of Forest Park and directed liquidation of its assets.

The defendant church corporation resisted the directive of the Presbytery of Chicago and refused to convey its real estate and personal property to the Presbytery for liquidation. This refusal to convey the aforementioned property to the Presbytery resulted in the plaintiff's complaint filed on February 18, 1968.

On April 15, 1969, the defendant church corporation, by and through its trustees, filed an answer to the plaintiffs' complaint. In the answer, the defendants not only denied that as a congregation it was subject to the control and supervision of the Presbytery of Chicago of the United Presbyterian Church in the United States of America, but also claimed all right and title to the real estate and personal property described in the plaintiffs' complaint had been conveyed outright by the plaintiffs in a quitclaim deed recorded on December 16, 1958. In support of their answer, the defendants presented the quitclaim deed as well as a subsequent mortgage taken by the church corporation, as exhibits. The defendants also showed the payments required by the $25,000 mortgage, taken for rebuilding and renovating the church building and property, have been made by the church corporation without any contribution from the Presbytery of Chicago.

Subsequently, the plaintiffs replied to the defendant church corpora-

tion's answer and those affirmative defenses raised therein. The plaintiffs once again relied on Chapter XXXII of the Form of Government of the United Presbyterian Church in the United States of America. More specifically, the plaintiffs relied on Section 62.08, which states in pertinent part:

"Whether by civil law the trustees of a particular church hold title to its property or are the officers of a corporation which holds title thereto, they shall deal with such property only as they may be authorized or directed by the session, and their authority in respect to the selling, mortgaging and leasing of real property shall be subject also to any rights reserved to the congregation by civil law or the bylaws of the particular church and to the permission of the presbytery as herein provided."

Thereafter, the plaintiffs filed a motion for judgment on the pleadings based on those conclusions of fact and law enumerated in their motion. The defendant church corporation filed its answer in opposition to this motion by the plaintiffs for judgment on the pleadings as well as an affidavit in support of the answer. On July 28, 1971, the trial court granted the plaintiffs' motion for judgment on the pleadings. In the decree the trial court also ordered the defendants to transfer legal title to the real estate and personal property of The First Presbyterian Church of Forest Park to the plaintiffs. The defendants herein appeal from these findings.

The first issue presented for review is whether the trial court erred in granting judgment on the pleadings in favor of the plaintiffs and against the defendant church corporation and its trustees.

The defendants contend the trial court's decree wherein it granted judgment on the pleadings to the plaintiffs was error, and therefore the court improperly ordered the trustees of the defendant church corporation to convey legal title to the real estate and personal property of the church corporation to the plaintiffs. The defendants base this contention on the admission in the plaintiffs' pleadings that the legal ownership of the church property is in the trustees of the church corporation by virtue of the quitclaim deed recorded on December 16, 1958. In that quitclaim deed, the plaintiffs conveyed the real estate in question to the trustees of the defendant church corporation. As such, the defendants claim the trial court erred in its findings since the plaintiffs have failed to state a cause of action upon which the relief they sought could be granted. In support of this claim, the defendants rely on the case of *Calkins v. Cheney* (1879), 92 Ill. 463, wherein the court was faced with a situation not unlike the instant case. The court in *Calkins v. Cheney* discussed the conveyance of certain real estate by a church body to the trustees of a certain congregation, in their corporate capacity. The court also took note

of the fact that the deed conveying the property to the trustees of the congregation contained no express declaration of trust, nor was there any separate written declaration of trust by the trustees. In light of this fact, the court held the property belonged outright to the congregation, in its corporate capacity, and not in trust for the benefit of the parent church body as a religious denomination, nor subject to the control of any ecclesiastical judicatory. In further support of their position, the defendants cite a number of decisions which follow the holding in *Calkins v. Cheney; Dubs v. Egli* (1897), 167 Ill. 514; *Illinois Classics v. Holben* (1919), 286 Ill. 473; *Glader v. Schwinge* (1929), 336 Ill. 551; *Pilgrim H. Church v. First Pilgrim H. Church* (1969), 115 Ill.App.2d 448. In all of the decisions, the court in effect states the ruling of an ecclesiastical judicatory will not supersede or overrule the laws of the State of Illinois.

In opposition to the defendants' contention that the trial court erred, the plaintiffs rely primarily on an affidavit which they filed in opposition to the defendants' motion for summary judgment at an earlier stage in the proceedings. In that affidavit the plaintiffs attempt to establish that the defendants were under the factual control and supervision of the plaintiffs pursuant to the Form of Government of the United Presbyterian Church in the United States of America. Based on this fact, the plaintiffs ordered dissolution and liquidation of the real estate and personal property of the defendant church corporation, and later filed suit to accomplish that end. For this reason, as well as various other manifestations enumerated in the plaintiffs' pleadings, which allegedly reflect compliance by the defendant church corporation and its trustees with the Form of Government of the United Presbyterian Church in the United States of America, the plaintiffs claim the decree of the trial court granting the plaintiffs judgment on the pleadings was not error and should be allowed to stand.

The defendants' contention that the trial court erred is well taken. The only document before the trial court in support of the plaintiffs' position was the affidavit in which the plaintiffs attempted to establish the defendants were under the factual control and supervision of the plaintiffs. The admissions by the plaintiffs that the title to the property in question was deeded by the plaintiffs to the trustees of The First Presbyterian Church of Forest Park speak for themselves. Furthermore, the plaintiffs, when questioned on oral argument, denied ever holding title to the property in question. An independent search of the public record in the Cook County Recorder of Deeds office, however, shows the plaintiffs held title to the property for a period of twenty-one years from 1937 to 1958, when it was transferred to the defendants by the quitclaim deed recorded on December 16, 1958. The law in a situation as herein presented is well

settled. The conveyance of certain real estate by a church body to the trustees of a congregation, in their corporate capacity, where the deed does not contain an express declaration of trust, will not be disturbed. (*Calkins v. Cheney, supra.*) The rationale for such holding is, when the title to certain property is transferred outright without an express declaration of trust, such property will not be subject to the control of any ecclesiastical judicatory. For this reason, we find the decree of the trial court granting judgment on the pleadings to the plaintiffs to be in error. We also find the order of the trial court requiring defendants to transfer title of the real estate and personal property of The First Presbyterian Church of Forest Park to the plaintiffs to be error.

In view of these findings, we believe it is not necessary to comment on those remaining points presented for review.

For the reasons stated herein, the decree of the Circuit Court of Cook County is reversed.

Reversed.

BURMAN and ADESKO, JJ., concur.