Pilgrim Holiness Church-Illinois District, an Illinois Corporation, and Orville M. Awe, L. A. Williams and Elmer L. Waltrip, Trustees of the First Pilgrim Holiness Church, Decatur, Illinois, Plaintiffs-Appellees, v. First Pilgrim Holiness Church, Decatur, Illinois, a Corporation, and Kennes K. Karnes, Dean Wood and Kenneth Roller, Trustees, James Southerland, et al., Defendants-Appellants.

Gen. No. 11,099.

Fourth District.

October 16, 1969.

Rehearing denied November 14, 1969.

Ferguson and Ferguson, of Decatur, for appellants.

Denz, Lowe, Limerick & Moore, of Decatur (Daniel M. Moore, Jr. and Dennis B. Rodgers of counsel), for appellees.

TRAPP, P. J.

Defendants, First Pilgrim Holiness Church, Decatur, Illinois, a corporation, and Kennes K. Karnes, Dean Wood, Kenneth Roller, Trustees, James Southerland, Bessie Taylor, Chester Wood, Howard Beecher, Jr., and Eleanor McAnelly, appeal from a decree of the circuit court in favor of Pilgrim Holiness Church-Illinois District, a corporation, Orville M. Awe, L. A. Williams and Elmer Waltrip, Trustees of the First Pilgrim Holiness Church, Decatur, Illinois, plaintiffs, ordering defendants to transfer moneys, personal property and possession of real estate of First Pilgrim Holiness Church, Decatur, Illinois, to plaintiffs and enjoining defendants from the use of the name, First Pilgrim Holiness Church, or any other name incorporating the words Pilgrim Holiness or substantially similar words.

The origin of the dispute between plaintiffs, representing the district Pilgrim Holiness Church, and also the general, national and international Pilgrim Holiness Church, and the defendants representing the local church, was the adoption of a merger plan between the conference of the general Pilgrim Holiness Church and the conference of the Wesleyan Methodist Church wherein the merger was to be effective under the denominational name Wesleyan. Defendants assert that the merger resulted in the general Pilgrim Holiness Church abandoning established tenets, doctrines and practices.

The trial court determined that the property of the local church was held in trust for the general church under the rules of the Pilgrim Holiness Church, and that the court could not inquire into the doctrines of the church.

Defendants contend (1) that title to local church property vested in the First Pilgrim Holiness Church, Decatur, Illinois, an Illinois not-for-profit corporation upon its incorporation, (2) that under the church manual, the Pilgrim Holiness Church, Illinois District, had no authority to bring suit, (3) that appointment of new trustees for the local church was beyond the authority of the district church, (4) that the court erred in excluding evidence that neither the general church nor the district church contributed in the acquisition of local church property, (5) that the court erred in excluding evidence that the general church and the district church abandoned the ancient church denomination and doctrines, (6) that by the law of Illinois property received by a local church corporation belongs to the trustees of that church, (7) that by conveyances by the trustees to individuals free of the trust restrictions, the parsonage property was freed from an express trust in the original deed, and (8) that the trial court erred in denying defendants' motion for change of venue based upon bias of the trial judge.

■■■■■■ We will consider the last contention first. At the close of the plaintiffs' evidence, the defendants made a motion to dismiss for want of equity. Plaintiffs made a motion for a decree for plaintiffs. Both motions were denied. In the course of the denial of the defendants' motion, the trial court remarked that he was convinced that the answer did not present a meritorious defense but he would give defendants their day in court. Defendants moved for a change of venue. Defendants state that until the court made the foregoing statement, defendants were not advised of the bias of the trial judge. We think that both the denial of plaintiffs' motion for a decree and the denial of defendants' motion to dismiss for want of equity after plaintiff had rested were rulings on matters of substance. The Supreme Court of Illinois has consistently held that a motion for change of venue pre-

sented after the court has ruled on matters going to the merits comes too late. The People v. McDonald, 26 Ill2d 325, 330, 186 NE2d 303. The rule is designed to preclude counsel from first ascertaining the attitude of the trial judge on a hearing relating to some issue of the cause and then, if the court's judgment is not in harmony with counsel's theory, to assert prejudice as a ground for allowing a change of venue. The People v. Chambers, 9 Ill2d 83 on 89, 136 NE2d 812.

The second proposition is that the district church had no authority to bring suit, and the third contention is that the district church had no authority to appoint new trustees. A review of the pleadings and of the documents admitted in the pleadings and jointly agreed upon in the presentation of the evidence clearly discloses the nature of the structure of the Pilgrim Holiness Church, the line of authority within the church from local to district to general church, and the clear submission of the local church to these documents and lines of authority in its charter.

By the complaint and answer it is established that plaintiff, Pilgrim Holiness Church—Illinois District, an Illinois not-for-profit corporation, is the legal entity in Illinois for The Pilgrim Holiness Church corporation, a not-for-profit corporation organized under the laws of Indiana, which latter corporation is the legal entity of the Pilgrim Holiness Church, a religious denomination in the United States and Canada, having a presbyterial form of church government. It is established that defendant First Pilgrim Holiness Church, Decatur, Illinois, began on April 26, 1938, as an unincorporated religious body first known as "The Pilgrim Holiness Church of Decatur, Illinois," and since May 15, 1962, has been an Illinois not-for-profit corporation with a charter, a copy of which is attached to the complaint. The corporate name in said charter is "First Pilgrim Holiness Church, Decatur, Illinois."

The complaint alleges also:

"4. Defendant First Pilgrim Holiness Church, Decatur, Illinois, is governed by, is a subsidiary of and is subject to the Manual of The Pilgrim Holiness Church Corporation, an Indiana Corporation, with General Headquarters at 230 East Ohio Street, Indianapolis, Indiana, and District Headquarters at Charleston, Illinois, in the entity of Pilgrim Holiness Church—Illinois District, an Illinois corporation, as will more fully appear from Paragraph No. 5 of said Exhibit A."

The answer denies the allegations of Paragraph 4, except that it admits that defendants accede to such provisions of the Manual of Pilgrim Holiness Church "as do not conflict with the statutory and case law of Illinois and their rights thereunder."

The answer admits that on January 4, 1967, the official board of the defendant church severed relationship with the plaintiff, Pilgrim Holiness Church—Illinois District and The Pilgrim Holiness Church Corporation, an Indiana corporation.

On or about January 16, 1967, plaintiff, Pilgrim Holiness Church—Illinois District, in District Council assembled, did as a result of said severance, declare defendant church to be below the status of an organized church and did appoint new trustees and a new pastor. The answer admits the foregoing action, but alleges the action was in violation of the church manual, section 51, paragraphs 3 and 5, section 53, paragraphs 7 and 9, section 102, paragraph 18, and Ill Rev Stats, c 32, § 169.

Notwithstanding the denial of portions of paragraph 4 of the complaint hereinbefore set forth, the charter of the defendant church, which is admitted to be correctly set forth, provides in paragraph 5, subparagraph 5 as follows:

"5. The Corporation shall be a subsidiary of, and subject to the Manual, rules and regulations of the Pilgrim Holiness Church, an Indiana corporation, with General Headquarters at 230 East Ohio St., Indianapolis, Indiana, and District headquarters at Charleston, Illinois."

The Manual of the Pilgrim Holiness Church Revised by the General Conference of 1962 is joint exhibit No. 1 in the cause. Section 25, paragraph 1, requires a membership of seven persons for an organized local church. Section 51, paragraph 1, provides that local trustees shall attend to all legal matters pertaining to the church. It also provides that they shall hold in trust for Pilgrim Holiness Church all property committed to them. Section 51, paragraph 3, provides:

"When a local church membership drops below the status of an organized church, the district council is empowered to appoint trustees. Said trustees may or may not be members of the local church, but must be members of the Pilgrim Holiness Church. In the event of sale of such property, said sale must be authorized by the district council and all proceeds shall be placed at the disposition of said district council."

Section 51, paragraph 4, provides that no board of trustees may divert property from the Pilgrim Holiness Church. Section 60, paragraph 5, provides that no local congregation shall buy property or erect a building for worship without approval of the district council for its location. Section 60, paragraph 6, provides that before incorporating, the proposed articles of incorporation shall be approved by the district superintendent. Section 60, paragraph 7, provides:

"Each local church shall carefully regard its relation and duty to the district organization in which

454

it is located and shall cooperate with and be subject to the advice of its district superintendent."

Section 102 provides:

"The duties of the council within the district shall be similar to the duties of the General Board over the whole church, except that its oversight shall be more particularly with reference to the individual churches, ministers, deaconesses and licentiates within its jurisdiction."

Section 102, paragraph 10, provides that before any local Pilgrim Holiness Church is incorporated, it must be authorized by the district council. Section 102, paragraph 20, provides:

"It shall be the duty of the district council, where a local church becomes disorganized, to take possession of the property of such church on behalf of the district, and to direct any remaining trustees or board members of such disorganized church in the sale or transfer of such property."

Section 132 provides that the General Board is the chief governing body of the church in the interim of the International Conferences, and as such is empowered to perfect all plans necessary for the performance of its duties. Part V of the Manual provides for a judicial system, and for various types of original jurisdiction in the local board, the district council and the general board, and also provides for appeals from local boards to district councils and to the general board.

 The documents create a clearly defined situation in which a local church from its inception and by its charter submits itself to the rules and line of authority defined in the rules of the general church. Those rules clearly make the district church the representative of the general church in the district.

Defendants cite certain sections of the Church Manual (section 51, paragraphs 3 and 5, section 53, paragraphs 7 and 9, section 102, paragraph 18) which provide certain rules for removing a trustee or a pastor. It would appear that by its action severing relationship with the general church, the local church declared that it was no longer part of the general church. This would clearly bring into play the provision that the local church had fallen below the status of an organized church because an organized church would have to mean a church organized within the clearly stated rules. Rule 102, paragraph 20, clearly authorizes the newly appointed trustees and the district church to take possession of the property when the local church becomes disorganized, and to bring suit to protect such.

■ Under the contention of defendants that title to local church property vested in the local church corporation, it would be necessary to find that the defendant trustees are, in fact, the trustees of the corporation. Under the documents submitted, it also would be necessary to find that the local corporation is a subsidiary of the general church subject to the district church under the very terms of its charter. Since its charter is specifically subject to the Manual which states that local trustees hold property in trust for the general church (Manual Section 51, paragraph 1), the property of the local church is held in an express trust for the general church by contract.

The defendants' fourth contention that neither the general church, nor the district church, contributed to the acquisition of local church property is without merit. The rules provide that the local church holds all property committed to it in trust for the general church.

■ The defendants argue that the general church has abandoned the ancient doctrines of the true church and the local church has adhered to them, and is, there-

fore, in effect the true church. In Presbyterian Church v. Hull Church, 393 US 440, 21 L Ed2d 658, 89 S Ct 601 (1968), the United States Supreme Court declared that the restraints of the First Amendment to the Constitution of the United States do not permit a civil court to award church property on the basis of the interpretation and significance the civil court assigns to aspects of church doctrine. On page 665, the court, after declaring the above principle, said:

"Hence, States, religious organizations and individuals must structure relationships involving church property so as not to require the civil courts to resolve ecclesiastical questions."

In this case the corporate charter and the church manual to which it specifically refers clearly structured the relationship to place ultimate control of the church property in the general church so that a local church withdrawing from the general church relinquished any claim to control of the church property.

It is urged that by the law of Illinois, property received by the local church corporation belongs to the trustees of that corporation. Defendants contend that where there is no express trust in the deed in favor of the general church, legal title is in the local church, and cite Glader v. Schwinge, 336 Ill 551, 168 NE 658. The court said:

"Where a deed to trustees for the benefit of a church society contains no express declaration of trust for the general body of any church denomination or for the teaching or practice of any particular religious principles or doctrines of faith, the right to the possession, control and use of the property is solely in the members of the church society. In Calkins v. Cheney, 92 Ill 463, the deed was to the trust-

ees of Christ Church, with no express declaration of trust. It was held that the property belonged to the society or congregation in its corporate capacity—not in trust for the benefit of the Protestant Episcopal Church as a religious denomination, but independent of it and not subject to the control of any ecclesiastical judicatory; that notwithstanding the fact that the rector of Christ Church may have been deposed from the ministry of the Protestant Episcopal Church under competent ecclesiastical authority and the members of the parish or congregation still chose to attend upon his ministrations in their house of worship, this could not operate to divest the parish or congregation of the title to their property and of the right to occupy and use it in such manner and for such purpose as they might deem proper."

 This is answered by the fact that plaintiffs are the new trustees. There are two additional factors. One deed to Lot 13 of Eastlake except the East 42 feet was "in trust for the use and benefit of the Ministry and membership of The Pilgrim Holiness Church, in the United States of America, subject to the Manual and usage of said Church, as from time to time revised." An attempt was made to eliminate this trust by conveyance from the trustees to individuals, and a reconveyance to the trustees without the restrictive language. By defendants' seventh contention, the property was thus freed from the trust. No citation of authority is necessary to demonstrate that these transactions were wholly ineffective to destroy the trust. The balance of Lot 13 was conveyed to the Trustees of First Pilgrim Holiness Church of Decatur, Illinois, and their successors in office. The corporate charter, as previously stated, limits the powers to the Manual of the Church and the Manual

of the Church provides that all property is held in trust for Pilgrim Holiness Church.

It is urged that the court below erred in enjoining defendants from the use of the name, "First Pilgrim Holiness Church," or any other name incorporating the words "Pilgrim Holiness" or substantially similar words. The trial court's memorandum opinion in December, 1967, finds the merger of the national and district churches with the Wesleyan Church, and that after such merger plaintiffs ceased to exist as a viable entity. In ruling on post-trial motions in 1968, the court stated:

> "The Pilgrim Holiness Church as such has merged in the Wesleyan Methodist, and consequently has ceased its independent existence. . . ."

█ Such determination is inconsistent with the principle that if there is no possibility that the corporate names will tend to confuse the public or mislead them in any way, there is no reason for protection. International Committee of Young Women's Christian Ass'ns v. Young Women's Christian Ass'n of Chicago, 194 Ill 194, 62 NE 551, 27 ALR2d 959. There is nothing in the record which suggests that the plaintiffs retain or continue to use the name. The court's findings support the conclusion of abandonment of such name.

█ The record reflects that there is at least one other religious entity known as the Pilgrim Holiness Church of New York. Simulation of names is restrained to prevent fraud and deception in dealing, or obtaining a benefit from the confusion of identity, and not because there is a property right in the name. American Gold Star Mothers, Inc. v. National Gold Star Mothers, 191 F2d 488, 27 ALR2d 948 at 952.

█ So much of the decree as enjoins the individual defendants from using a name for a religious society

which incorporates the words "Pilgrim Holiness" or similar words is reversed, and the decree is otherwise affirmed.

Affirmed in part, reversed in part.

SMITH and CRAVEN, JJ., concur.