BOARD OF TRUSTEES OF MADISON TOWNSHIP, Appellee, v. GEORGE C. RADER, Appellant.

No. 40171.

JUNE 23, 1930.

*Hickman & Hoyne,* for appellant.

*J. F. Porterfield,* for appellee.

FAVILLE, J.—I. Many years ago, the exact date not appearing in the record, the McKissick Grove Cumberland Presbyterian Church was organized. It was located in a country district in Fremont County. In connection with the church building there was a cemetery. At various times, the appellant, claiming to be a trustee of said church, executed deeds for certain burial lots in said cemetery, and received pay therefor. This suit is to recover the money so received by appellant.

Prior to 1906, there were two separate and distinct church organizations in the United States, one known as the Cumber-

land Presbyterian Church, and the other as the Presbyterian Church in the United States of America. In 1906, these two societies merged, and since said time the parent organization has been known as the Presbyterian Church in the United States of America. Following this union of the two societies, the McKissick Grove Cumberland Presbyterian Church duly enrolled in the Corning Presbytery of the Presbyterian Church in the United States of America, on September 17, 1907. It appears from the record that the McKissick Grove Church became extinct as an organization after it became a member of the Corning Presbytery, and before 1911. There was no election of trustees of such church after the year 1909. No services were maintained, there was no preacher, and, to all intents and purposes, the church ceased to function, and became extinct. On or about the 23d day of September, 1925, the Corning Presbytery of the Presbyterian Church of the United States of America authorized its moderator and stated clerk to execute a quitclaim deed to the property formerly owned by the McKissick Grove Cumberland Presbyterian Church to the township trustees of Madison Township, and said Presbytery likewise authorized the said moderator and stated clerk to assign to said trustees the moneys in the hands of the appellant herein arising out of said sale of cemetery lots. Pursuant to such authorization, a quitclaim deed and an assignment were duly executed and delivered to appellee on October 3, 1925.

The evidence shows that, under the rules of the Presbyterian Church of the United States of America, said church property became subject to the rules of the Presbytery, and that, under said rules, "when the church organization has become extinct, and there are known to be existing trustees, the Presbytery directs the trustees to transfer the property under their direction. If there are no known trustees, the Presbytery by its own action authorizes the stated clerk and moderator to make a deed to transfer the property by authority of the Presbytery."

It appears that there were no known trustees of said McKissick Grove Church at the time the Presbytery authorized the moderator and stated clerk to make the assignment in question. Appellant testified that he had been elected a trustee in 1909. It does not appear that there were any other trustees ever elected

thereafter, or that the appellant was known to the Presbytery as being a trustee after the church became extinct.

It appears from the record that all the funds obtained by appellant from the sale of burial lots were received by him after the merger of the churches in 1907. The funds received from burial lots certainly did not belong to the appellant, and, under the rules of the church, were subject to direction of the Presbytery. The Presbytery apparently had the power to transfer the funds in the manner adopted, and appellee became entitled to collect the same from the appellant, unless there is some legal obstacle thereto.

II. Appellant contends, however, that the money collected by him in the sale of the cemetery lots was collected while appellant was acting in behalf of the McKissick Grove Church organization, and was property arising under the rules and laws of said church organization prior to the time when the assignment was made to appellee. Appellant relies on Section 8599 of the Code of 1927, which is as follows:

"Existing contract and property rights arising under the organization, rules, laws, or canons heretofore adopted by any corporation or organization of a religious character, shall not be affected by the provisions of Sections 8584, 8587, and 8595 to 8598, inclusive, except by consent of the interested parties."

Appellant contends that, under this section, the moneys in his hands were property rights of the McKissick Grove Church, and that no consent of the interested parties—that is, the members of the original church organization—was ever given to the assignment of said funds to appellee.

The statute in question and the sections therein referred to did not become effective until July 4, 1911. Prior to that time, the original McKissick Grove Church had passed under the dominion of the Corning Presbytery of the Presbyterian Church in the United States of America, and under the rules of said church, the right to control and dispose of the property of the extinct church rested with said Corning Presbytery, to be administered in accordance with the rules, regulations, and laws governing said Presbytery; and these appear to have been followed. The property rights "existing" when this statute went into effect were those under the rules of the Corning Presbytery

of the Presbyterian Church of the United States of America, of which the then extinct church had been a duly enrolled member.

Even if it be contended that the McKissick Grove Church was not extinct until after the 4th of July, 1911, when the act referred to became effective, then Code Section 8587 would apply. Said section is as follows:

"When a local religious society shall have ceased to support a minister or leader or regular services and work for two years or more, or as defined by the rules of any incorporated state, diocesan, or district society with which it has been connected, it shall be deemed extinct, and its property may be taken charge of and controlled by such state or similar society of that denomination with which it had been connected."

Under this section, the Corning Presbytery would have the right to take charge of and control the property of said extinct church. This is what was done.

The appellant is not entitled to the funds in question. They have been legally assigned to appellee, in accordance with the established rules of the church to which they belonged. The amount due is fairly established by the record.

The decree of the trial court was correct, and it is—*Affirmed.*

MORLING, C. J., and ALBERT, KINDIG, and WAGNER, JJ., concur.

STEVENS, J., takes no part.