## DOUGHTY ET AL. *v* HERR.

[No. 14,542. Filed May 18, 1933. Rehearing denied September 28, 1933.]

*Charles L. Tindall* and *Waldo C. Ging,* for appellants.

*Arthur T. Mayfield* and *James E. McDonald,* for appellee.

KIME, P. J.—This was an action by appellants in one paragraph to quiet title to realty. The appellee answered in general denial and also filed a cross-complaint, asking that her title be quieted. The trial court found for appellee on her cross-complaint and against the appellants on their complaint and rendered judgment accordingly. A motion for a new trial, setting out that the decision was contrary to law and that the decision was not sustained by sufficient evidence, was filed and overruled. The error assigned here is the overruling of the motion for a new trial.

It appears that in 1858 certain realty was conveyed to three trustees as trustees of United Brethren in Christ and their successors in office. This was about

two miles north of Mohawk, Indiana. A church was built thereon and used for many years. The members of this congregation adhered to the faith of the United Brethren in Christ. About 1890 a division occurred in their ranks over the question of allowing members of secret societies to become members of the church. Large numbers withdrew and organized a church in Mohawk, built a church house and prospered. Later the White River Conference (the governing body for a certain territory) decided that members of secret societies could belong to the United Brethren in Christ, whereupon a majority of the original congregation affiliated with the Mohawk church. The Mohawk church, which had been organized as a radical church, was admitted to the conference and became a recognized church. The conference then failed or refused to send preachers to the original church, evidently because of the small membership. The few remaining members of the original church then decided to buy a lot in Mohawk and move the building from the country onto that lot as was later done. When this lot was purchased the deed was made to four men, "Trustees of Union Chappel of Hancock County in the State of Indiana." The congregation, upon organization, became known as Union Chappel. From 1896 until 1929 the church functioned, adhering to the United Brethren faith, and the congregation participating in quarterly conferences of that church and sending delegates to White River conferences. In 1909 new trustees were elected by Union Chappel. Arthur Doughty and John Price, of the present board of trustees, were two of the three elected at that time. About 1927, the church in the south part of Mohawk failed and many of the members became members of the congregation of the church in the north part of Mohawk. The south church was later sold. There was then started in Union Chappel an agitation to sell Union and

buy the old south building. This was accomplished and trustees elected by the quarterly conference gave a deed to the appellee which is the basis of her claim of title.

As evidence that the deed from Margaret New was not given to the trustees of the United Brethren in Christ or to the named trustees in trust for the United Brethren in Christ there was introduced and admitted the discipline of the United Brethren in Christ, which is as follows:

"(3)   They shall secure and record a good and sufficient deed for the real estate purchased or acquired to said church or its trustees for the use, benefit, and behoof of the Church of the United Brethren in Christ."

"CONVEYANCES AND TITLE DEEDS."

"11.   In all conveyances and title deeds of real estate for the erection of (1) church houses or (2) parsonages the following clause shall be inserted in the proper place:

1.   In trust that said premises shall be used, kept, maintained, and disposed of, as a place of worship for the use of ............................................. congregation of the church of the United Brethren in Christ at ...................................; subject to the doctrines, laws, usages and ministerial appointments of the Church of the United Brothers in Christ as from time to time established, made and declared by the lawful authority of the said Church of the United Brethren in Christ."

As is well known there are two general and widely used types of government in church organizations, viz.; the congregational, in which the local congregation is the governing body and is sufficient unto itself, and that system commonly known as the presbyterian, in which the congregation is but a unit in a larger body which governs.

There is an attempt here to show that Union Chappel was but a unit in a large governing body and that the conference really had control of all the affairs of the

local unit. As to the faith followed, this was probably true. However, this realty was deeded to "Trustees of Union Chappel of Hancock County" and it was never by them deeded to anyone and they must be held to be the owner.

"Where a deed to trustees for the benefit of a church society contains no express declaration of trust for the general body of any church denomination, or for the teaching or practice of any particular religious principles or doctrines of faith, the right to the possession, control, and use of the property is solely in the members of the church society. This conveyance was for the sole benefit of the organizations whose trustees were named as grantees, and the right, title, possession, control, and use of the property were vested solely in them. The deed contained no clause providing for a reverter; therefore the heirs of Lupton had no interest." *Glader et al.* v. *Schwinge et al.* (1929), 336 Ill. 551, 168 N. E. 658, 600, 66 A. L. R. 172.

In the instant case the trustees of Union Chappel were elected in 1909 and 1927 and there would be no need for appointment by the court. The above quoted case follows and amplifies an earlier Illinois case which uses this language: "Though the grantees in the deeds were not incorporated, the deeds were not void, but all the members of the respective congregations became beneficiaries of the property. Such deeds are solely for the benefit of the congregations whose trustees are named as the grantees, and the right to possession, control, and use of the property is vested solely in them. It may be that these congregations were subject to the discipline of the Reformed Church, but their property was not subject to the control of that church." *Illinois Classis of Reformed Church in the United States* v. *Holben, et al.* (1919), 286 Ill. 473, 122 N. E. 46, 47. See, also, *Christian Church of Sand Creek et al.* v. *Church of*

*Christ of Sand Creek et al.* (1906), 219 Ill. 503, 76 N. E. 703.

We approve this reasoning and adopt it here as being decisive of the case here presented.

The judgment of the Hancock Circuit Court is hereby reversed with instructions to enter judgment for these appellants.