KOSS *v.* CONTINENTAL OIL COMPANY ET AL.

[No. 27,908.   Filed January 28, 1944.]

226

*Harry P. Sharavsky,* of Gary, *Emmet LaRue,* of Rensselaer, and *Guy W. Slaughter,* of Hammond, for appellant.

*Oscar B. Thiel,* of Gary, and *Crumpacker & Friedrich,* of Hammond, for appellees.

SWAIM, J.—This is an appeal from an interlocutory order denying appellant's petition for a temporary mandatory injunction.

All of appellant's contentions may be considered under the assignment of error that the court erred in

denying the plaintiff a temporary injunction.

*Goldsmith et al.* v. *City of Indianapolis* (1935), 208 Ind. 465, 196 N. E. 525.

Appellant owned and operated a filling station in Gary, Indiana. She had a contract with the Continental Oil Company for the purchase from said company of the gasoline and oils required in the operation of said station. She instituted this action against the said company and the other appellees, including General Drivers, Warehouse and Helpers Union, Local No. 142, and the business agent of said Union alleging that all of the appellees except said Oil Company entered into a conspiracy to coerce and thereby prevent said Oil Company from carrying out the terms of its contract with the appellant and further conspired to prevent the appellant from obtaining gasoline and oil from any other source; and that unless appellees were restrained the appellant would be forced out of business and irreparably damaged.

Appellant first contends that the action of the appellees was in violation of § 23-107, Burns' 1933, § 4773, Baldwin's 1934, which was "an act to prohibit contracts or combinations of persons, firms or associations intended to prevent free competition in business" and which provided that "any dealer of . . . supplies . . . who shall be a party . . . to any such contract, combination or arrangement, or who shall, upon the request of any party to any such contract, combination or arrangement, refuse to sell such . . . supplies . . . sold by any dealer . . . to any such person or persons who may require them in the prosecution of their business, for the reason that said dealer . . . is not a member of a combination or association of persons, shall be guilty of conspiracy against trade."

This statute prohibits refusals to sell only where the refusal is based on the reason that the retail dealer is not a member of the combination or association. The evidence in this case discloses that the real controversy between the appellant and the appellees was on the question of the hours which the appellant operated her filling station.

The appellant was a member of the local union which was trying to enforce uniform closing hours. The evidence showed that she tendered her resignation from the union but there was evidence to support a finding that throughout all of the period here in question she remained a member. Any refusal to sell appellant supplies, if there was any such refusal, was not for the reason she was not a member of the union but rather for the reason that she was violating the rules of the said union as to the hours she was operating her filling station.

The statute to prevent combinations in restraint of trade is not, therefore, applicable to the situation disclosed by the evidence in this case.

The appellant also contends that regardless of her rights under said statute the appellees were so violating her common-law rights that she was entitled to the equitable relief which she sought.

The granting of a temporary injunction to maintain the *status quo* until the final hearing rests in the sound discretion of the trial court and the exercise of this discretion will not be interfered with by this court unless it is shown that the action of the trial court was arbitrary or constituted a clear abuse of discretion. *Tuf-Tread Corp.* v. *Kilborn* (1930), 202 Ind. 154, 172 N. E. 353.

In appeals of this character the court will consider only the evidence which tends to support the judgment. *Weist* v. *Dirks* (1939), 215 Ind. 568, 20 N. E. (2d) 969.

The appellant contends that since the order denying the temporary injunction was entered on the motion of the appellees at the close of appellant's case, only the evidence most favorable to the appellant can be considered. This rule has no application to the situation presented by the record in this case. The hearing on this petition for a temporary injunction was preceded by a hearing on appellee's plea in abatement. In the hearing on the plea in abatement witnesses were called by both sides and testified on all of the issues between the parties. At the beginning of the hearing on the temporary injunction it was stipulated by all of the parties "that the oral testimony heretofore given in this cause on the issue presented by the plea in abatement filed by the defendant, shall be considered in evidence in support of and resistance to the application for temporary injunction." The appellant then offered some additional evidence and rested and the defendants made said motions for finding in their favor. The finding of the court under these circumstances amounted to a finding of the court after a full and complete hearing. On an appeal from such a finding we can consider only the evidence most favorable to the finding.

The evidence tended to show that a dispute arose between the local union and the appellant as to the hours she was operating her station; that in May, 1943, the union started picketing the filling station as being "unfair" and that those members of the union who were drivers of tank delivery trucks refused to make deliveries to appellant's filling

station. The picketing was peaceful and was for the purpose of inducing the appellant to comply with the operating hours fixed by the union, of which she was a member.

There was evidence from which the court could have found that there was no conspiracy between the appellee Oil Company and the other appellees; that the Oil Company had never refused to sell the appellant gasoline; that the last gasoline ordered by the appellant from the appellee Oil Company under their contract had been sold to the appellant and delivered to her filling station; that the appellant's supply of gasoline had not been shut off by the alleged conspiracy or in any other manner; that in fact the appellant during the months of May and June of 1943 has purchased more gasoline than in the corresponding months of 1942; and that her contract with the appellee Oil Company was subject to cancellation on ten days' notice.

Under these facts we cannot say that there was an abuse of discretion on the part of the trial court in denying appellant's petition for a temporary mandatory injunction.

The right of the Oil Company to cancel its contract with the appellant on a ten days' notice would make it possible for it to nullify the action of the court ▇ in granting such an injunction. If the contract were so nullified, pursuant to its terms, the Company's drivers could not deliver gasoline and oil to the appellant pursuant to said contract. Courts refuse to grant equitable relief where one of the parties, acting pursuant to the provisions of the contract, may nullify the court's action. *Advance Oil Co.* v. *Hunt* (1917), 66 Ind. App. 228, 116 N. E. 340.

Nor will courts grant such equitable relief unless there is a showing that the failure to grant such relief

will result in irreparable harm to the party seeking the relief and that the party has no adequate legal remedy. In the instant case the appellant has failed to show the alleged irreparable harm, the shutting off of her supply of gasoline. If damages should result to her from any breach of her contract by the Oil Company she has an adequate legal remedy by an action for damages on her contract.

The picketing of appellant's place of business to secure conformance to the hours of operation contended for by the union, so long as such picketing was not associated with any fraud or violence, was not unlawful and could not be enjoined. § 40-504, Burns' 1933, § 10158, Baldwin's 1934. *American Federation of Labor* v. *Swing* (1941), 312 U. S. 321, 85 L. Ed. 876, 61 S. C. 568.

The order denying the temporary injunction is affirmed.

NOTE.—Reported in 52 N. E. (2d) 614.