HARDIN et al. v. STARNES et al.—221 S. W. (2d) 824.

Eastern Section.   February 26, 1949.

Petition for Certiorari denied by Supreme Court, May 6, 1949.

John R. Todd, Thomas A. Dodson, of Kingsport, and Kilgo & Armstrong, of Greeneville, for appellants.

Cox, Taylor, Epps & Miller and E. Ray Hauk, all of Kingsport, for appellees.

HOWARD, J. This is a church dispute and involves the question of whether the Cedar View Methodist Church of Kingsport, Tennessee, is subject to the jurisdiction and discipline of The Methodist Church.

The original bill was filed by C. P. Hardin, District Superintendent of the Johnson City District of the Holston Conference of The Methodist Church, and by D. W. Jones, pastor of the Cedar View Methodist Church, duly appointed as such by proper authority at the 1946 annual conference, as complainants, against the defendants as trustees, former trustees, officers and members of the Cedar View Methodist Church to determine whether the defendants could legally withdraw the aforesaid Church from its affiliation and connection with The Methodist Church. The bill also seeks to ascertain whether the Cedar View Methodist Church and its properties are subject to the continued control, supervision and ministerial appointments of The Methodist Church through its duly constituted authorities.

The bill alleges that the Cedar View Methodist Church is a regular member and is a constituent part of The

Methodist Church and that its affairs and properties are subject to the paramount authority and jurisdiction of The Methodist Church relative to ministerial appointments and other church activities, and that under the constitution and discipline of The Methodist Church, no local church, such as the Cedar View Methodist Church, has the right to secede or withdraw from its union with the higher Church body without the consent of the constituted authorities, which was not given in the instant case.

Defendants in their answer assert that the Cedar View Methodist Church has a right to withdraw at any time and to sever its, or any, connection or relationship which it previously had with The Methodist Church, irrespective of the non-consent of its proper authorities, because the Cedar View Methodist Church never actually became identified and affiliated with The Methodist Church or the Holston Annual Conference; that when the Cedar View Methodist Church was organized, it was intended to be an independent non-denominational Church with the local congregation determining its own procedure with respect to management and control; and that complainants are without authority to interfere with the local Church or its properties.

The defendants demanded a jury and the following issue which was made up by the parties under the direction of the Court was submitted to the jury:

"Is the Church property at Kingsport, Tenn., known as the Cedar View Methodist Church subject to the control and supervision of the Annual Conference of The Methodist Church and its officials?"

At the conclusion of all the proof the complainants moved the Court to withdraw the above issue from the

jury and render a decree in favor of the complainants upon the following grounds:

"1) There is no dispute as to the controlling and determinative facts regarding the issue submitted to the jury.

"2) That, under the record, the questions involved are questions of law."

Upon complainants' motion being overruled, the Court under a proper charge submitted the above issue to the jury, which upon its failure to agree was subsequently discharged and complainants again renewed their original motion for the Court to withdraw the issue and render a decree in the cause for complainants on the grounds heretofore mentioned, which motion was again denied by the Court.

Subsequently, complainants. filed a petition to re-hear based in substance upon the same grounds as the motion previously referred to, asking that the Chancellor grant a re-hearing in the cause, or, in the alternative, re-consider the ruling denying complainants' motion to withdraw the issue from the jury and render a decree for complainants upon the proof disclosed by the record.

Thereupon, after due consideration the Chancellor sustained that part of complainants' petition to withdraw the issue from the jury and enter a decree in the cause in favor of complainants upon grounds and for reasons set forth in a very able opinion, which we approve and adopt in part as follows:

"The union of the Methodist Protestant Church, The Methodist Episcopal Church, The Methodist Episcopal Church South having been consummated on the 10th day of May 1939 now constitutes The Methodist Church. Its form of government is of the Episcopal type and its discipline prescribes a system of Church activities. It

has under its control and supervision a large number of local Churches in all parts of the United States and elsewhere. Each local Church constitutes an integral part of the larger organization and subject in all things to the provisions of its discipline. No local Church, when it becomes affiliated with The Methodist Church can any longer be a separate entity, but constitutes an integral part of the larger organization, and subject in all things to the provisions of the discipline of the Methodist Church.

"The discipline of The Methodist Church provides for a Quarterly Conference to be held by each local Church or charge and presided over by the District Superintendent. This body has administrative duties and responsibilities at the lowest level of control. At the next highest level of control is the Annual Conference, which has administrative authority over a given area prescribed in the discipline. Within the Johnson City district is included the Cedar View Methodist Church of Kingsport, Tenn., and is within the Holston Conference. This conference convenes annually and has supervision over all local Churches within its territorial boundary.

"The Rev. C. P. Hardin is the District Superintendent of The Methodist Church in the Johnson City District. Rev. D. W. Jones was appointed pastor of the Cedar View Methodist Church by the Bishop and his cabinet at the Holston annual Conference held at Kingsport, in October 1946.

"The defendants, P. H. Starnes, E. M. Starnes, R. E. Nelson, Bond Nelson, James Luster, Lawrence Light, M. D. Hammond are the present Trustees of the Cedar View Methodist Church.

The defendants F. A. Cox, W. G. Light, C. K. Light and W. J. Viles are former Trustees of said church. The defendants Frank Light, W. J. Viles, Mack Cheek, J. D. Shelton, Z. P. Gamble, I. W. Gilliam, Mrs. R. L. Fleener, Mrs. James Luster, E. I. Hammond, Ralph C. Ketron are the present stewards and members of the Cedar View Methodist Church. Defendant R. W. Dillon was former pastor of said church.

"In September 1939 Rev. John Clark, a Methodist Minister held a tent meeting near the location of the Cedar View Methodist Church. Many who were attending the meeting including the first named Trustees concluded that a Church should be organized. The question with respect to the name of the Church was voted on at one of the services. The congregation voted to organize a Methodist Church. The Cedar View Methodist Church was so named by vote of the congregation. During the above meeting and after several prominent Methodists were interested, and who were participating in the organization of said Church met and counseled with a number of high officials and pastors of The Methodist Church of Kingsport, Tennessee, and elsewhere. These Methodist ministers assisted in the organization of the Cedar View Methodist Church.

"The interested parties conceived the idea of purchasing a lot upon which to construct a Church and on November 2, 1939 there was conveyed to P. H. Starnes, R. E. Nelson, F. A. Cox, W. G. Light, G. K. Light, Bond Nelson, C. L. Light, James Luster and W. J. Viles, as Trustees and their successors of the Cedar View Methodist Church, the lot upon which the Church building now stands.

"On December 20, 1939 the first Quarterly Conference of the Cedar View Methodist Church was held. It was presided over by Rev. C. P. Cooper, Supt. of the Johnson City District of the Holston Conference. The Trustees of said Church were named at said conference, being the same Trustees to whom the property above mentioned was conveyed for the use of the Cedar View Methodist Church.

"On the second day of September 1941 a second lot adjoining the above was conveyed to the same Trustees, who had been regularly named and appointed as such by the Quarterly Conference of The Methodist Church, December 20, 1939.

"May 20, 1942 another lot was conveyed to the same named Trustees who had been formerly designated by the Quarterly Conference of said Church.

"It further appears that the first pastor W. H. Dillon, a member of the Holston Conference, was appointed as pastor to the Cedar View Methodist Church by the Bishop and Cabinet, at each Conference from 1940 to 1946. From the date of the first Quarterly Conference of the Cedar View Methodist Church on December 20, 1939 until the last Conference in 1946, it was presided over by the Superintendent of the Holston Conference. At this Conference there were elected such officials as required by the discipline of The Methodist Church, to-wit: A Board of Stewards, Board of Trustees, Communion Stewards, Secretary, Church lay leaders, Sunday School Superintendents, Superintendent of Sunday School Division, all of which were elected in the form prescribed by the discipline of The Methodist Church. These facts were known to the defendants as well as the fact that it was organ-

ized as a Methodist Church, that it might be connected with said Church.

"It appears that some of the Trustees who were defendants in this suit were lay delegates to the Holston Conference. That they attended the conference and participated in the activities thereof.

"W. R. Dillon was a Methodist minister, and pastor of the Cedar View Methodist Church as aforesaid, attended the Holston Conference, as a clerical member at different times, participated in its activities, accepted its appointments, as a pastor recognized its authority and authority of the District Superintendent of the Holston Conference. That while serving as pastor of the Cedar View Methodist Church made a historical report upon request of the District Superintendent, in which he stated in substance: That the Cedar View Methodist Church grew out of a tent revival meeting held by Rev. John Clark. That the Rev. McConnell organized the Cedar View Methodist Church. That during the time the said W. R. Dillon was pastor of said church the Quarterly Conference of said Church recommended to the District Conference certain persons belonging to said Church for license to preach in The Methodist Church. That licenses were granted to some who were recommended by the District Conference of said Church. This occurred in 1940 and 1944. He also received new members into the Church and reported the same to the annual conference of the Methodist Church.

"The above procedure seems to have been carried out by the officials of the Cedar View Methodist Church until 1946.

"On September 13, 1946 the defendant P. H. Starnes, Chairman of the Trustees of the Cedar View Methodist

Church notified the Bishop Paul B. Kern, that the said Church would no longer be connected with the unified Methodist Church. That the severance of their connection would become effective at the next annual conference in Kingsport next month. (October). At the same time a number of stewards and trustees of the Cedar View Methodist Church filed petitions, stating among other things:—'We respectfully petition that we be permitted to withdraw from said conference so as to act on our own initiative in the selection of our ministers and pastors, and in conducting of all other matters pertaining to said Church.' Likewise a number of members of the Cedar View Methodist Church filed a petition with the same wording as above quoted.

"On September 7, 1946 the Superintendent of the Johnson City District of The Methodist Church received a letter from W. R. Dillon, in which he states:

" 'My services cease in the Methodist Church on the first of October 1946 or at annual Conference of this year. Credentials and membership are being placed in Conference of the Methodist Protestant Church of Collinsville, Miss.'

"It appears that the Holston Conference met at Kingsport in October, 1946 and refused to recognize the right of defendants to divert the Church property of the Cedar View Methodist Church from the control and supervision of The Methodist Church. The Bishop and his cabinet proceeded to appoint a pastor, to-wit: Rev. D. W. Jones. He undertook to serve the Cedar View Methodist Church in the capacity of pastor and conduct services in the Church building. This privilege was not permitted by the defendants, and they refused to give possession of the Church buildings and prohibited the pastor

appointed by the Holston Conference performing his duties for said Church. The District Superintendent has been deprived of discharging his duty with respect to said Church, and denied access to the rolls, books and other records of the Church, and denied the right to inspect them.

"It will be further observed that every fact above indicated and set forth is based upon documentary evidence or from admissions of defendants on the witness stand. From the above facts this court is persuaded that its former holding should be reversed and the court should with-draw the issue from the jury—

"1) Because there is no substantial dispute as to the way said issue should be decided.

"2) And further, the issues in this cause for determination are questions of law.

"The Court having reached the conclusion that the issue should and is now withdrawn from the jury, and has further concluded that the contention of the complainants relative to the law is correct.

"1) The result being, that the motion made by the complainants after the jury failed to agree is sustained:

"2) That the properties described in the pleadings are held in trust by the present Trustees of the Cedar View Methodist Church for the well-being, as well as all members who may come into said Church hereafter, subject of course to the discipline of The Methodist Church, its laws and regulations.

"3) The fact that the trust clause set forth in the Methodist discipline was not inserted in the deed conveying the properties described in the pleadings will not in itself destroy the trust, because the trust will be in-

ferred by the court in harmony with the discipline of The Methodist Church.

"4) Under the Methodist discipline defendants have no right to with-draw the Cedar View Methodist Church from connection with The Methodist Church nor its properties, or to divert said properties from the supervision of The Methodist Church and its constituted authorities.

"5) That the Cedar View Methodist Church at Kingsport, Tennessee is subject in all things to the supervision of the annual conference of The Methodist Church and its officials so long as it acts within its constituted authority.

"6) It results, that the complainants are entitled to a decree as prayed in the third, sixth, seventh, eighth and ninth prayer of the Original bill. The Court sustains the fifth prayer of said bill to the extent that the Trustees of the Cedar View Methodist Church should be removed; but that the date of removal will be deferred until the duly appointed authorities of The Methodist Church name and appoint their successors, in accordance with the Methodist discipline."

It is insisted here that the Chancellor erred in withdrawing the issue from the jury and in rendering a decree in favor of complainants; that a jury should have been permitted to pass upon the issue of fact.

The law is well settled that where the evidence develops no dispute or controversy of fact, as in the present case, it is the duty of the Chancellor to withdraw the issue, or issues, from the jury and render a decree in accordance with the law applicable to the case. Gibson's Suits in Chancery, 4th Ed., Secs. 548, 548a, 551b; Mutual Life Ins. Co. of New York v. Burton, 167 Tenn. 606, 72 S. W. (2d) 778; Standard Life Ins. Co. of the

South v. Strong, 19 Tenn. App. 404, 89 S. W. (2d) 367; Third National Bank v. American Equitable Ins. Co., 27 Tenn. App. 249, 178 S. W. (2d) 915.

It is urged on behalf of appellants that the Chancellor erred in decreeing that the properties described in the pleadings are held in trust by the present trustees of the Cedar View Methodist Church, subject to the supervision of The Methodist Church, its laws and regulations. Appellants in their brief state:

"As a general legal proposition the Cedar View Church if organized and its property was acquired with the intention that the Cedar View Church should become a part of the Methodist Ecclesiastical system, then undoubtedly the complainants would be right in their various contentions."

■ The proof is undisputed that the original congregation in September, 1939, after hearing Rev. McConnell, a Methodist minister explain the unification of the three branches of The Methodist Church, voted to organize a Methodist Church, instead of a Union Church or Baptist Church; that subsequently the congregation selected the name Cedar View Methodist Church, and that thereafter a meeting was held at which individuals were taken into The Methodist Church by McConnell and made trustees therein so that they could qualify to take title to the church property, which as trustees for the Cedar View Methodist Church they did acquire; that immediately after acquiring the property, the construction of the church building was started and when the building was completed in December, 1939, the defendant, W. R. Dillon, then a Methodist minister, preached the first sermon. Also the church held its first quarterly conference in the regular manner prescribed by the Methodist discipline

on December 20, 1939, which was presided over by D. B. Cooper, District Superintendent of The Methodist Church. Proof of the intention of the congregation at the time the Cedar View Methodist Church was organized is so clear, cogent and convincing that to prolong this opinion would be futile.

Affirmed at appellants' costs and the cause will be remanded for the enforcement of the Chancellor's decree.

McAmis and Hale, JJ., concur.