JOHNSON et ux. v. State ex rel. 'SMITH, City Atty.—
257 S. W. (2d) 20.

Eastern Section.    October 31, 1950.

Petition for Certiorari denied by Supreme Court January 17, 1951.

442

H. F. Atkins, of Knoxville, for appellants.

Richard L. Carson, of Knoxville, for appellee.

HALE, J. Johnson and wife prosecute this appeal from the action of the lower court in enjoining them from handling whiskey at their residence.

The State of Tennessee, on relation of R. C. Smith, Jr., City Attorney of Knoxville, filed suit against J. W. John-

son and wife, Lula Johnson under the provisions of the "Nuisance Act", Code, Sections 9324 and 9335, both inclusive. It is charged that Johnson was engaged in the unlawful sale of intoxicants at 1403 Nickerson Ave., in Knoxville, owned by him and his wife, and that she permitted him to engage in such illegal operations. The allegations fully set forth the relator's contentions, and the relief sought is that usual in such cases. The defendants were required to answer but oaths to their answers were waived.

The defendants filed a joint answer fully meeting the allegations of the bill, and demanding a jury to try the issues. This was sworn to by Mr. Johnson.

After due notice a hearing was had upon the application for a temporary injunction which was granted.

On April 5th, 1950, the cause was finally heard and a jury empanelled to determine the following issues of fact:

"1. Did the defendant, J. W. Johnson, prior to July 1st, 1949, maintain, conduct or engage in the sale of intoxicating liquors at any building, structure, or place in the City of Knoxville, Tennessee, particularly the place described in the pleadings as being 1403 Nickerson Avenue, in the City of Knoxville?

"2. Prior to July 1, 1949, did the defendant, Lula Johnson, as owner of the property and place known and designated as 1403 Nickerson Avenue, Knoxville, Tennessee, allow or permit the unlawful sale of intoxicating liquors at or on said premises?"

The relator then introduced proof in support of the allegations of the bill and rested his case. Defendants did not testify or introduce any proof in their behalf and rested their case.

Thereupon the relator moved to withdraw the issues from the jury and for judgment in accordance with the relief sought. This motion was granted over the objection of defendants, who then moved for a new trial upon the grounds presently mentioned. This was overruled and defendants were granted and perfected this appeal.

We agree with counsel for the relator that the errors assigned may be condensed into five propositions, viz.:

1. Did the court err in allowing proof of reputation of defendant J. W. Johnson and of 1403 Nickerson Avenue?

2. Was evidence admissible to show that Johnson had been acquitted in the Criminal Court for selling whiskey? (This involved a transaction alleged against him in the instant case.)

3. Was the certified copy of the Record 10 card of the U. S. Internal Revenue Department, showing Johnson to be a licensed retail liquor dealer, properly admissible in evidence?

4. Did the trial judge err in taking the case from the jury?

5. Was the evidence sufficient to sustain the relief granted?

■ Suits of this character are "conducted in accordance with the procedure of court[s] of chancery where not otherwise expressly provided * * *." Code Sec. 9330. Juries are allowed to try the issues in such suits, State ex rel. Mynatt v. King, 137 Tenn. 17, 191 S. W. 352, but not under contempt proceedings subsequently had. Pass v. State, 181 Tenn. 613, 184 S. W. (2d) 1. If there is material evidence to sustain the theory of either party, then the issues must be submitted to the jury. First National Bank of Ripley v. Barbee, 150 Tenn. 355, 265 S. W. 371; Greenwood v. Maxey, 190 Tenn. 599, 231 S. W.

(2d) 315. The converse of this proposition is true. As was said in Hardin v. Starnes, 32 Tenn. App. 66, 221 S. W. (2d) 824 at page 828:

"The law is well settled that where the evidence develops no dispute or controversy of fact, as in the present case, it is the duty of the Chancellor to withdraw the issue, or issues, from the jury and render a decree in accordance with the law applicable to the case. Gibson's Suits in Chancery, 4th Ed., Secs. 548, 548a, 551b; Mutual Life Ins. Co. of New York v. Burton, 167 Tenn. 606, 72 S. W. (2d) 778; Standard Life Ins. Co. of the South v. Strong, 19 Tenn. App. 404, 89 S. W. (2d) 367; Third National Bank v. American Equitable Ins. Co., 27 Tenn. App. 249, 178 S. W. (2d) 915."

To the same effect see National Surety Corp. v. Buckles, 31 Tenn. App. 610, 219 S. W. (2d) 207; Farrell v. Metropolitan Life Ins. Co., 33 Tenn. App. 115, 230 S. W. (2d) 192.

■ The main argument is that inasmuch as the answer was sworn to it was evidence for the defendants, ergo there was an issue for the jury. The case of Pearce v. Suggs & Pettit, 85 Tenn. 724, 4 S. W. 526 is cited and relied upon. It is not authority as the bill therein did not waive an oath to defendants' answer. In the case at bar, an oath to defendants' answer was waived. "The plaintiff may, in his bill, waive an answer from the defendant under oath, in which case the answer shall be entitled to no more weight than the bill as evidence." Code, Sec. 10395. This oath having been waived, the answer, although sworn to, merely created an issue. Gibson's Suits in Chancery, Sec. 461.

■ Then the question, did the evidence develop a dispute or controversy of fact? We do not think so.

Officer Lawrence Coldwell, a new man on the police force, testified that he, in plain clothes, on the night of June 20th, 1949, went to defendants' home at 1403 Nickerson Ave., and there purchased a pint of whiskey from said J. W. Johnson. Willard Minnis, another police officer, testified that he remained in an automobile across the street and Coldwell came back from the Johnsons' home with the whiskey.

Three police officers, viz., Capt. Elmer Dykes, Capt. Robert E. Lee and Sgt. Walter M. Jones testified as to their knowledge of said Johnson for a long period of years and his reputation was that of a bootlegger, i. e., handling whiskey, and that the address given had the reputation of being a place where whiskey could be bought. Capt. Lee testified he had known Johnson for fifteen to eighteen years, and that he (Johnson) lived at this address all during that time.

█ There was also submitted a certified copy of Mr. Johnson's record in the Police Court of Knoxville showing he was fined many times for violation of municipal ordinances against storing, transporting and possessing intoxicants. Defendants objected to this line of testimony. It was admissible. Code, Sec. 9332 is:

"Upon the trial, evidence of the general reputation of the defendant and of the place where the nuisance is alleged to exist shall be admissible for the purpose of proving or tending to prove the existence of such nuisance."

See also The Pastime v. State ex rel. Powers, 138 Tenn. 315, 197 S. W. 1089.

█ It will be remembered that the evidence before mentioned showed only one sale of intoxicants. From this it is argued that the bill cannot be sustained. We cannot so agree.

In State v. James, 177 Tenn. 21, 145 S. W. (2d) 783, 785, there was quoted and approved the following from Cornelius on Search & Seizure:

"There is more apparent than real conflict in the cases. The logical test which ought to be applied in every case, is not the number of sales which the evidence establishes was made but whether the evidence taken as a whole indicates recurrent acts which amount to a nuisance, and time is not a material ingredient of the crime of keeping and maintaining a common nuisance contrary to the provisions of the prohibition law."

The ease with which officer Coldwell purchased this whiskey, coupled with the reputation and record of Johnson, forces the conclusion that he was a confirmed violator of the law, and was "keeping and maintaining a common nuisance contrary" to the terms of Code, Sec. 9324.

However, it appears that Johnson was prosecuted and acquitted in the Criminal Court of Knox County for making this particular sale to Coldwell. The learned judge excluded this evidence, and this action is made the basis of an assignment of error. We think this question is foreclosed by the opinion of the Supreme Court, Neil, C. J., in the recent case of Tennessee Odin Ins. Co. v. Dickey, 190 Tenn. 96, 228 S. W. (2d) 73, 75, 18 A. L. R. (2d) 1284, which pointed out the distinction between the quantum of proof required in criminal and civil cases, and saying further:

"In Massey v. Taylor, 45 Tenn. 447, 448, 98 Am. Dec. 429, it was held: 'The acquittal of the plaintiff upon an indictment for embezzlement, is not entitled to any effect as evidence in a civil action, as an answer to the defense of embezzlement, or as tending to

show, that, in fact, the plaintiff did not commit the embezzlement.'

"In Wigmore on Evidence, Vol. IV, Section 1346a, and Sec. 1671 there appears a conflict of authority as to the admissibility in evidence of a judgment of conviction or acquittal in a subsequent trial involving the same issue. But the weight of authority supports our own case of Massey v. Taylor, supra. We refer to the following cases appearing in the footnotes to Section 1346a (Wigmore). Shaw v. Glenn Falls Ins. Co. (Canada 1 D. L. R. 502, 12 Mar. Prov. 386, conviction of B for theft of an automobile, excluded. Mutual Benefit Health & Accident Ass'n v. Neale, 43 Ariz. 532, 33 P. (2d) 604. In Interstate Dry Goods Stores v. Williamson, 91 W. Va. 156, 112 S. E. 301, 31 A. L. R. 258, a judgment of conviction in a criminal case was held to be inadmissible. In Occidental Ins. Co. v. Chasteen, 255 Ky. 710, 75 S. W. (2d) 363 the suit was to recover for a fire loss; the plaintiff's prior acquittal of arson was excluded. To the same effect, Bobereski v. Insurance Co., 105 Pa. Super. 585, 161 A. 412; Girard v. Vermont Mut. Fire Ins. Co., 103 Vt. 330, 154 A. 666. In Alabama, Virginia and a few other jurisdictions, it is held that prior convictions of arson were binding in the civil case. See Fidelity-Phenix Fire Ins. Co. of New York v. Murphy, 226 Ala. 226, 146 So. 387; Eagle Star & British Dominions Ins. Co. v. Heller, 149 Va. 82, 140 S. E. 314, 57 A. L. R. 490.''

██ Actions under the Nuisance statute are tried according to the procedure of courts of Chancery, Code, Sec. 9330, and, consequently, the complainant must make out his case by a preponderance of the evidence. Black v. State ex rel., 130 Tenn. 529, 172 S. W. 281.

The trial judge permitted the relator to introduce in evidence a certified copy of "Record 10" card issued by the U. S. Treasury Department, Collector of Internal Revenue, showing that Johnson had obtained a federal retail liquor dealer's stamp.

Under Sec. 5 of the Acts of 1913, (2d) Ex. Sess., Ch. 2, from which our present statutes are derived, it was provided "the fact that the defendant has paid the internal revenue special tax * * * shall be prima facie evidence of sales of intoxicating liquors", etc. This provision was not included in the Code of 1932, which likewise failed to include Ch. 384, Acts of 1909, concerning the admissibility of such evidence in criminal cases. In Bayless v. State, 121 Tenn. 75, 113 S. W. 1039, it was held that such a copy was not admissible. This was before the adoption of Ch. 384, Acts 1909, allowing such certificate.

It is probable that these sections of the Act in question were deliberately omitted by the codifiers in that at the time of the adoption of the Code in 1932, National Prohibition was in effect and no federal licenses were being issued to liquor dealers.

Certainly this poses a very serious question, but we think we should pretermit it, in view of the effect it might have upon State cases, inasmuch as the record in this case, with such evidence excluded, overwhelmingly, and without contradiction shows a state of facts authorizing the relief granted.[1]

---

1. In the subsequent consolidated causes of Fletcher v. State ex rel. and Swope v. State ex rel. Knox Law, decided by this court on March 31st, 1951, it was held that the "Record 10" card was not admissible when objection was made; that it would be necessary to prove it by the deposition of the proper officer in the office of the Collector of Internal Revenue. This opinion is not published for the reason that no petition for certiorari was filed by the Relator.

It follows that the trial judge acted properly in withdrawing the issues from the jury and in granting an injunction against further violations.

The decree below is affirmed at the cost of appellants and surety.

Affirmed.

McAmis and Howard, JJ., concur.