THE INDIANA ANNUAL CONFERENCE CORPORATION, ET AL. *v.* LEMON, SOLE SURVIVING TRUSTEE OF MAHALASVILLE METHODIST CHURCH.

[No. 29,345. Filed February 6, 1956.]

164

*Francis M. Hughes,* of Indianapolis, for appellants.

*Penn H. O'Brien,* of Martinsville, for appellee.

ARTERBURN, J.—This is an appeal from an order granting a temporary injunction against the appellants, The Indiana Annual Conference Corporation, Rev. W. T. Jones and Rev. R. M. Criswell. This action was brought by the appellee, sole surviving trustee "of and for the Methodist Episcopal Church at Mahalasville."

The controversy here arose when The Indiana Annual Conference of the Methodist Church and its successor, The Indiana Conference Corporation, attempted to take over the church property in question at Mahalasville after the Methodist Church, through its proper authorities, had declared the Church abandoned and dissolved.

The District Superintendent, Rev. W. T. Jones, states that he sold the building on the church property to the appellant, Rev. R. M. Criswell, and gave him a bill

of sale. It is this action which the sole surviving trustee, as appellee, resists.

It is conceded that the Mahalasville Methodist Church had been dissolved for some time prior to the state of this litigation and that the statutory period for revival for the church had expired. Appellee contends, however, that "such dissolution did not vest by virtue of deeds of conveyance or by the laws of the state of Indiana, or both, the right and title to the Mahalasville church property in the Methodist Church, its predecessor, or any of its subsidiary organizations, officers, agents or instrumentalities."

In the year 1861, a Commissioner appointed by the Morgan County Court, pursuant to a judgment rendered, executed a deed to the church property in question to named "Trustees of the Methodist Episcopal Church of Mahalasville, Morgan County, Indiana." The deed recited "said trustee shall have title to said premises for the purposes expressed in said donation." The deed further recited that the property had been donated by Jacob VanSickle to "Trustees as a site for a meeting house and graveyard." In the year 1874 the heirs of the said Jacob VanSickle executed a second deed to "Trustees of the Methodist Episcopal Church at Mahalasville, and to their successors in office forever, for the use and benefit of said church in Morgan County, in the state of Indiana." John W. Lemon, appellee, is the sole surviving trustee.

We must keep in mind in this case that this is not an appeal from a judgment after trial on the merits in which a permanent injunction was granted. This is an appeal from an order granting a temporary injunction to maintain the status quo pending a trial on the merits. Sometimes the hearing on the temporary injunction and the trial on the merits for the perma-

nent injunction by agreement of the parties may be combined which results in a judgment on the merits. That is not the case here.

In our determination of whether or not the trial court committed any error in granting the temporary injunction in this case, the appellee (the plaintiff below) need only show a prima facie case for an injunction and that injury to him would be certain and irreparable if the application be denied and that injury to the defendant below if the temporary injunction be granted, may be adequately indemnified by bond. It is not necessary that a case should be made that would entitle the plaintiff to relief in all events. It is necessary only that the pleadings and evidence be such that it makes out a case for a proper investigation in equity and that the status quo be maintained pending such trial on the merits. There must be a clear abuse of discretion by the trial court before the court on appeal may interfere.

The appellee, John W. Lemon, sole surviving trustee, made out a prima facie case when he showed he had the record legal title of the church property in his name. The question then arises, was this prima facie case fully rebutted such that the trial court was left without discretion in the matter. The appellants contend that under the Church Discipline of the Methodist Church (originally the Methodist Episcopal Church) that the proper proceedings were had which placed the title and all beneficial interest in superior organizations of the Methodist Church so that its authorities could dispose of the church property and particularly the church building in question. *Koss* v. *Continental Oil Co.* (1944), 222 Ind. 224, 52 N. E. 2d 614; *People Gas Company, et al.* v. *Tyner* (1892), 131 Ind. 277, 31 N. E. 59, 16 L. R. A. 443; *Wise* v.

*Curdes* (1942), 219 Ind. 606, 40 N. E. 2d 122; *Pub. Ser. Com.* v. *Indpls. Railways* (1947), 225 Ind. 30, 72 N. E. 2d 434.

This case is to be distinguished from *Doughty* v. *Herr* (1933), 97 Ind. App. 427, 185 N. E. 657, where a deed was made to "Trustees of Union Chapel of Hancock County, in the state of Indiana." In that case the deed was made to a particular local church not referred to as a part of a larger church organization. In the case before us the deed was made to a church which was an integral part of the then Methodist Episcopal Church (now Methodist Church). It is also true, where a local church of a larger church organization of faith is dissolved or abandoned, the church property vests in the superior or larger organization of that faith *if the Church Discipline, by-laws or regulations so provide.* 76 C. J. S., Religious Societies, §100 pp. 889, 890; *Trustees of New Hampshire A. C. Methodist Church* v. *Methodist Church* (1954), 98 N. H. 498, 104 A. 2d 204; *Brooks* v. *Chinn* (1951), La. App., 52 So. 2d 583; *Board of Trustees* v. *Rader* (1930), 210 Iowa 482, 231 N. W. 329; *Hardin et al.* v. *Starnes et al.* (1949), 32 Tenn. App. 66, 221 S. W. 2d 824.

However, in this case, the evidence seems to us confusing and uncertain, both as to application of the Church Discipline and as to whether or not the Church Discipline was followed as to the formalities necessary to transfer title.

Appellants' Exhibit A (Tr. p. 332) states that it is the minutes of The Indiana Annual Conference of the Methodist Church held on June 21 and 22, 1945, and reads as follows:

> "A. On motion of W. C. Patrick, the trustees of the Mahalasville Church property in Morgan County of the District Superintendent of the

Bloomington District was authorized and empowered to sell the property and execute and sign all necessary deeds and papers to effect such sale on condition that it be declared officially abandoned by the Annual Conference, the proceeds of such sale to be used in the improvement of the Nast Chapel Church."

At Transcript page 235 of the same exhibit is found the following statement:

"A. SALE OF ABANDONED CHURCH PROPERTY—On motion of G. O. Carpenter, all the items of church property ordered sold by the Conference Corporation, were officially declared abandoned church properties."

Dr. Jones, a witness, stated that Exhibit A was "minutes of The Indiana Annual Conference of the Methodist Church held on June 21, 22, 1945." Later in the same testimony, the following interrogation took place.

"Question. Now the first section which you read, as I understand it, is from the minutes of the Conference Corporation.

"Answer. Right.

"Question. And this second section is from what minutes?

"Answer. The Annual Conference minutes.

"Question. There are in effect two organizations, The Annual Conference and the Indiana Annual Conference Corporation?

"Answer. Right.

"Question. I'll ask you to tell the court whether there is any difference in the membership of the two groups.

"Answer. Yes."

The testimony of the District Superintendent, Harry Otis Kisner, states that The Indiana Annual Conference Corporation was organized in 1942 under the Not-for-Profit Corporation Act. There is no certainty in the evidence as to whether the "Conference" or "Conference Corporation" had the authority to and did so authorize the sale. There is no certainty in the evidence as to whether the Church Discipline (in effect the by-laws) controls The Indiana Annual Conference of the Methodist Church or the Indiana Annual Conference Corporation, or both. It will be noted further that neither the minutes above referred to, nor any minutes so far as this court has been able to discover, directly authorized the District Superintendent, W. T. Jones, or any designated person, to execute the bill of sale referred to in the testimony to R. M. Criswell. The trustees under the resolution referred to in Exhibit A were authorized and directed to sell the property. However, appellee's Exhibit No. 2 states "at no time or place, or in any manner has the affiant (appellee trustee) been notified, requested, or directed by The Indiana Annual Conference Corporation, or by Rev. W. T. Jones, defendants in this action, to execute any instrument of conveyance or transfer of the property of the Mahalasville Methodist Church." There is no evidence of any formal demand made upon the trustee, if the appellants were relying upon such official minutes and action.

With these uncertainties existing as to the authority of Rev. W. T. Jones to execute the bill of sale in question upon which appellants based their right to control the church building, we cannot say that the trial court erred in granting a temporary injunction staying the destruction of the building until the trial upon the merits. It may be that upon the trial

on the merits that the evidence will show by proper certification the existence of authority in The Indiana Annual Conference of the Methodist Church or The Indiana Annual Conference Corporation, and that a mere passive or dry trust exists with no active duties upon the part of the sole surviving trustee. In such a case, the law executes the trust and the legal title resides in the Beneficiaries, the superior organization of the Methodist Church. 1 R. S. 1852, ch. 113, §13, p. 501, being §56-609 Burns' 1951 Replacement; Restatement of Trusts, §69(d) p. 214; 1A Bogert on Trusts and Trustees, §209 p. 291; *Reformed Dutch Church* v. *Veeder* (1830), 4 Wend. (N. Y.) p. 494.

The principle which controls us in our review of this appeal is that upon a petition for a temporary injunction prima facie proof is sufficient and the evidence need not be as complete as upon a final hearing to grant such temporary relief if the trial court feels that injury to the plaintiff will be certain and irreparable before a trial on the merits can be had. If both parties desire they can, of course, stipulate for a trial on the merits at the same time. We must, therefore, hold the trial court did not err in granting the temporary injunction.

The order of the trial court granting a temporary injunction in this case is affirmed and this cause is remanded with directions for further proceedings consistent with this opinion.

Bobbitt, C. J., Achor and Landis, JJ., concur.

Emmert, J. concurs with opinion.

CONCURRING OPINION

EMMERT, J.—I agree that the interlocutory order granting the temporary injunction should be affirmed

under this state of the record. However, it would seem that whatever authority the superior Methodist Church may have over this real estate will depend upon what its Church Discipline or constitution and by-laws provided at the time the deeds were executed. It would be a denial of due process for the General Assembly to attempt to divest title by subsequent legislative act, and it naturally follows that a superior church organization could have no greater power than a sovereign Legislature. A deed is generally held to be within the protection of the contract clause against impairment. *Edwards* v. *Jagers* (1862), 19 Ind. 407. The burying ground presents other considerations involving the law of charitable trusts not necessary to discuss at this stage of the proceedings.

NOTE.—Reported in 131 N. E. 2d 780.