**CHURCH OF GOD IN CHRIST, INC.,**
**Memphis, Tennessee,**
**Plaintiff–Appellant,**

**v.**

**MIDDLE CITY CHURCH OF GOD IN CHRIST, Dyersburg, Tennessee, Ned Bernard, Betty K. Taylor, Perry Lee Middlebrook, Jr., Mrs. Eddie Lee Williams and Mrs. Dorothy Ruth Middlebrook, Individually and as Trustees of the Middle City Church of God in Christ, Dyersburg, Tennessee, New Jerusalem Temple, Inc., and New Jerusalem Church of God in Christ, Dyersburg, Tennessee; New Jerusalem Temple, Inc., Dyersburg, Tennessee, and New Jerusalem Church of God in Christ, Dyersburg, Tennessee, Defendants–Appellees.**

Court of Appeals of Tennessee,
Western Section,
at Jackson.

March 29, 1989.

Permission to Appeal Denied by
Supreme Court
July 31, 1989.

Sam B. Blair, Jr., Allan J. Wade, Heiskell, Donelson, Bearman, Adams, Williams & Kirsch, Memphis, for plaintiff-appellant.

Defendants-appellees filed no brief and argument.

McLEMORE, Special Judge.

This is a suit to set aside two conveyances of real property in Dyer County. Church of God in Christ, Inc. (COGIC) filed suit in Chancery Court of Dyer County against Middle City Church of God in Christ (Middle City), Middle City's trustees individually, and New Jerusalem Temple, Inc. (Temple). The Middle City trustees allegedly held certain real property under warranty deed in trust for COGIC. The Middle City trustees transferred the property by warranty deed to Temple. COGIC maintains the trustees transferred the property in violation of trust provisions im-

posed on the property and sought to have the deeds declared null and void.

The case was argued in this Court with only appellant submitting brief and participating in oral argument, however, we attribute no fault to appellees based upon our present understanding of their failure to participate here.

We particularly note that the tenor of the brief and oral argument of the appellant is that the appellant is not seeking to take the possession of the property but seeks only a technical adjudication of title to property.

We have carefully read the entire record and considered the oral argument of the appellant. In addition to the cases cited in appellant's brief and by the Chancellor, we have considered the case of *Jones v. Wolf*, 443 U.S. 595, 99 S.Ct. 3020, 61 L.Ed.2d 775 (1979). After much reflection, we adopt the Opinion of the Chancellor as the Opinion of this Court. The Chancellor's Opinion:

"At issue is whether the Court should intervene in this ecclesiastical matter and determine title to real estate when there is no reason to do so. The Court concludes that it should not intervene. The Court makes the following findings and conclusions.

"FINDINGS OF FACT

"Plaintiff Church of God in Christ, Inc. (hereinafter referred to as 'Plaintiff') is an eighty-one (81) year old ecclesiastical organization. Numerous local churches are a part of its connectional system. It is typically organized with various bishops and district superintendents.

"Plaintiff has duly adopted a Constitution and By–Laws which apply to its local churches. Article III, Part 2, Section D, Paragraph 9 provides as follows:

Real estate or other property may be acquired by purchase, gift, devise, or otherwise by local churches. Where real or personal property is acquired by deed, the instrument of conveyance shall contain the following clause, to-wit:

The said property is held in trust for the use and benefit of the members of the Church of God in Christ with national headquarters in the City of Memphis, Shelby County, Tennessee, and subject to the charter, constitution, laws and doctrine of said church, now in full force and effect, or as they may be hereinafter amended, changed or modified by the general assembly of said church.

"Middle City Church of God in Christ was organized many years ago. Officials from plaintiff attended the beginning service. Middle City fully participated in all the activities of plaintiff, including the filing of proper reports and sending contributions. In short, the church was affiliated with plaintiff.

"By deed dated March 13, 1975, the church acquired its present parsonage. The grantees were the Trustees of the Middle City Church of God in Christ of Dyer County, Tennessee. This deed used the express language required by the constitution and by-laws of plaintiff.

"By warranty deed dated October 16, 1978, and Correction Deed dated December 31, 1979, the present church property was acquired in the name of the Trustees of the New Jerusalem Church of God in Christ. These deeds did not use the express language required by the constitution and by-laws of plaintiff. The location of the local church had changed from Middle City; therefore, the church changed its name to New Jerusalem Church of God in Christ. It continued to be affiliated as a local congregation of plaintiff and continued to comply with the rules and regulations of plaintiff.

"New Jerusalem Church of God in Christ incorporated in 1984. By deeds dated May 15, 1984, the Trustees of New Jerusalem Church of God in Christ conveyed the parsonage and church property to the new corporation, 'New Jerusalem Temple, Inc.' The deeds do not convey property to trustees nor is there any trust language contained therein. Plaintiff seeks to set aside these deeds or impress a trust upon the property in accordance with the constitution and by-laws.

"The Court finds that at all times pertinent hereto the local congregation was affiliated with the plaintiff. Even though there has been a move of location of the church and two (2) name changes, there has not been a split within the congregation. Even though the church is presently incorporated, it still has trustees.

"There is evidence of friction between the local church and the plaintiff. There is no showing, however, that the local church has withdrawn from the connectional church; nor has the plaintiff attempted to prove that there has been a withdrawal. It is plaintiff's contention that the transfer of property should reflect the trust in its favor.

### "CONCLUSIONS OF LAW

■ "Our cases have consistently held that property conveyed to a local church which is a part of a connectional church does not remain the property of the local church even when there is no trust language in the deed. See *Cumberland Presbyterian Church v. North Red Bank Cumberland Presbyterian Church*, 430 S.W.2d 879 (Tenn.App.1968); *Hardin v. Starnes*, 32 Tenn.App. 66, 221 S.W.2d 824 (1949). Therefore, when a local church acquires real property by deed, it is held in trust for the parent church even in the absence of express trust language. Plaintiff, therefore, contends that a trust arises in favor of the connectional church. See *Fairmount Presbyterian Church, Inc. v. The Presbytery of Holston of the Presbyterian Church of the United States*, 531 S.W.2d 301 (Tenn.App.1975).

"According to these cases the law would appear to be established in Tennessee.[1] A local church that is a part of a connectional church holds property in trust for the benefit of the superior organization. The real issue in this case, however, is whether this Court should become involved in this matter and issue a judicial determination as to the ownership of the property in question.

■ "Traditionally, Tennessee courts have not interfered with the internal administration of religious societies. *Landrith v. Hudgins*, 121 Tenn. 556, 120 S.W. 783 (1907). Courts have jurisdiction to adjudge ecclesiastical matters only as a mere incident to the determination of some property right. *Ward v. Crisp*, 189 Tenn. 513, 226 S.W.2d 273 (1950). Is this dispute ecclesiastical or is it truly a property dispute?

"On its face this would appear to be a simple matter of property resolution. However, it must be noted that there is no showing of withdrawal by the local congregation. The cases above cited deal primarily with situations in which the local congregation has withdrawn from the connectional system. At that time it was necessary for a court to determine the rights to the property. That is not the case before us. It may well be that there is friction between the local congregation and the connectional system; however, that is not to say that such amounts to withdrawal making it necessary for the Court to become involved in property resolution.

"Plaintiff has not taken the position that there has been a withdrawal by the local church. It obviously does not wish to take such an extreme position as it might be awarded possession of the property. Plaintiff apparently does not seeks possession of the property, but rather desires a judicial determination that the property is held in trust in accordance with its by-laws.

"The fact that there is a deed from the local trustees to a corporation does not require court intervention. As stated, there has been no showing of a split within the congregation or an attempt to withdraw from the connectional system. Furthermore, it would not appear that the deed is void. See T.C.A. 66–2–201 et seq.

"In addition there is no need for a judicial determination that the corporate conveyances are impressed with a trust. That determination might be necessary if there was a withdrawal of genuine dispute as to the actual control and ownership of the

1. The older cases must be viewed in light of *Presbyterian Church in the United States v. Mary Elizabeth Blue Hull Memorial Presbyterian Church*, 393 U.S. 440, 89 S.Ct. 601, 21 L.Ed.2d 658 (1969), which limits the role of courts in resolving church property disputes.

property. Again, that is not the case before us.

"The Court is confronted with a constitutional issue. As stated in *Presbyterian Church in the United States v. Mary Elizabeth Blue Hull Memorial Presbyterian Church*, 393 U.S. 440 [89 S.Ct. 601, 21 L.Ed.2d 658] (1969):

... First Amendment values are plainly jeopardized when church property litigation is made to turn on the resolution by civil courts of controversies over religious doctrine and practice. If civil courts undertake to resolve such controversies in order to adjudicate the property dispute, the hazards are ever present of inhibiting the free development of religious doctrine and of implicating secular interests in matters of purely ecclesiastical concern. Because of these hazards, the First Amendment enjoins the employment of organs of government for essentially religious purposes, *School District of Township of Abington, Pa. v. Schempp*, 374 U.S. 203, 83 S.Ct. 1560, 10 L.Ed.2d 844 (1963); the Amendment therefore commands civil courts to decide church property disputes without resolving underlying controversies over religious doctrine. Hence, States, religious organizations, and individuals must structure relationships involving church property so as not to require the civil courts to resolve ecclesiastical questions.

■ "There is no need for a judicial determination of property rights where the local church has not withdrawn from the connectional system and there are no genuine property disputes. If the Court grants the relief sought, the result is inescapable. This Court would be judicially establishing as of this time, in accordance with present Tennessee law, the ownership of the church property and parsonage. By impressing a trust for the benefit of the connectional system *in light of the disagreements between the local and connectional church*, the order in effect would immediately adjudge property rights in plaintiff's favor implying that the local congregation would forfeit the property if it did not follow the doctrine espoused by plaintiff.

This would have a chilling effect upon the exercise of religious freedom by defendants. This Court, an organ of government, cannot do indirectly that which it is forbidden by the Constitution to do directly.

"The Court is mindful that future adjudication may be necessary. Should the local congregation withdraw or should there by a true impasse relating to property rights, then intervention may be required. Until such time Court intervention into this ecclesiastical matter is inappropriate.

"ORDER

"It is ORDERED that the Complaint be and the same is hereby dismissed with costs taxed equally to the parties."

The judgment of the Chancery Court of Dyer County is affirmed. Costs are taxed against the appellant for which let execution issue.

HIGHERS and FARMER, JJ., concur.